DEWEY v. FIELER.

In settling exceptions, it is the duty of the judge to strike out all redundant and useless matter; and the bill, when settled, must conform to the truth, regardless of what may or may not be proposed by the parties.

(Opinion filed April 11, 1898.)

Appeal from county court, Lawrence county, Hon. WIL-LIAM A. RINEHART, Judge.

Action to recover attorney fees. Defendant had judgment. Plaintiff petitions to prove a bill of exceptions. Denied.

*H. E. Dewey,* in *pro. per.*

*Frawley & Laffey,* for defendant.

HANEY, J. Plaintiff petitions this court to prove a bill of exceptions; alleging the refusal of the trial judge to allow the same in accordance with the facts. It appears that plaintiff prepared and served the draft of a bill, and defendant prepared a proposed amended bill, containing all of the matters set forth in plaintiff's draft, except certain matters deemed by him to be false, redundant, and useless, and also containing certain testimony omitted by plaintiff, deemed by defendant to be necessary to explain the rulings of the court. The judge adopted and signed the proposed amended bill. In settling exceptions, it is the duty of the judge to strike out all redundant and useless matter, so the exceptions may be presented as briefly as possible; and the bill, when settled, must conform to the truth. Comp. Laws, §§ 5082, 5083. It is the dnty of the judge to exclude all redundant and useless matter, and correct the bill until it is conformable to the truth, regardless of what may or may not be proposed by the parties. The proper practice is for the judge to indicate such changes, if any, that he deems should be made in the proposed bill, and then an engrossed bill should be prepared, without interlineations or erasures, complete in itself, containing such matters as are necessary to explain the rulings of the court and errors relied upon by the party seeking its settlement; and such engrossed bill should be signed by the judge. We take this occasion to condemn the practice, occasionally followed, of attaching proposed amendments to a proposed bill, and indicating by an order or certificate such as are allowed or rejected. There was no substantial departure in this case from the method herein sug-

gested. The trial judge, after hearing the argument of counsel, and concluding that the changes contained in defendant's proposed amended bill should be allowed, in effect adopted and signed it as an engrossed bill. It differs from plaintiff's draft in only two respects. On one page of a justice's docket, introduced to show the rendition of a judgment, are certain entries relating to the justification of sureties on an appeal bond. These entries were omitted by plaintiff, and included in the settled bill. Being part of the justice's record received upon the trial, there was no impropriety in settling them out in the bill. Even if redundant in this respect, the bill conforms to the truth, and plaintiff has no cause of complaint. He will need to set forth in his abstract only so much of the record as shall be necessary to a full understanding of the questions presented to this court for its decision. Rule 12. Plaintiff complains that certain language alleged to have been used by the court in ruling on defendant's motion to direct a verdict is omited. From the evidence before this court, it is doubtful whether plaintiff has proved that the judge used the alleged language; but, if he did, it was properly excluded, being wholly immaterial, redundant, and useless. Plaintiff's petition is denied, with costs.