DYEA ELECTRIC LIGHT CO. v. EASTON *et al.*

1.  By Comp. Laws, § 5082, a bill of exceptions must be conformable to
    the truth, or be corrected until it is; and by section 5083 it is the
    duty of the trial judge to strike out redundant matter. On appeal
    there was attached to the judgment roll a document designated "Bill
    of Exceptions," and on a separate page the trial court certified that
    "the foregoing" bill of exceptions having been proposed, and amend-
    ments proposed, all of which were allowed, the "foregoing" bill, when
    amended, contained a statement of all the evidence. *Held*, that there
    was no proper bill before the appellate court, the proper practice be-
    ing for the judge to indicate such changes, if any, as he deems should
    be made in the proposed bill, and that then an engrossed bill should
    be prepared, without interlineations or erasures, complete in itself.

2.  On appeal, in the absence of any properly certified exceptions, it must
    be presumed that the evidence was sufficient to sustain the verdict,
    and that no errors of law occurred at the trial.

(Opinion filed May 14, 1902.)

Appeal from circuit court, Edmunds county. HON. LORING E.
GAFFY, Judge.

Action by the Dyea Electric Light Company against Mrs. E.
A. Easton and others. From a judgment for defendants, and from
an order denying a new trial, plaintiff appeals. Affirmed.

*S. H. Cranmer,* for appellant.

*Albert Gunderson, C. H. Barron,* and *Bertin D. Gamble,* for
respondents.

HANEY, P. J. This is an action to quiet title. Defendants de-
nied the plaintiff's ownership, and pleaded title in themselves. A
verdict having been directed for defendants, the plaintiff appealed
from the judgment entered thereon, and from an order denying a
new trial. On motion of the defendants the appeal from the judg-
ment was dismissed. Light Co. v. Easton, 14 S. D. 520, 86 N. W.

23. An additional abstract has sent us to the original record, where we find that no bill of exceptions was ever properly settled and certified. Attached to the judgment roll is a typewritten document designated "Bill of Exceptions,", followed by another typewritten document designated "Record" —the latter being certified to by the official stenographer as the transcript of his notes taken at the trial; and then appears the following certificate, signed by the trial judge, upon a separate page, under the title of the action: "Inasmuch as the said several matters produced and given in evidence on the trial of said cause do not appear by the record in said cause, the counsel for the said plaintiff has proposed the foregoing bill of exceptions, and has requested the judge of said court who tried the said cause to sign the same as the bill of exceptions in said cause; and the defendants having proposed amendments thereto, all of which amendments are allowed by the court, therefore I, Loring E. GAFFY, judge of said court, do hereby certify that the foregoing bill of exceptions, as amended, and when so amended, contains a full, true, and correct statement of all the evidence given upon the trial of the above-entitled action, and of all the proceedings had upon the said trial, so far as the same relates to the exceptions and specifications of error in said bill contained. And the said bill of exceptions as amended being found conformable to the truth, and having been settled by the court, upon due notice, as provided by law, I do hereby approve, settle, and allow the same as the bill of exceptions as amended in said cause, and it is hereby ordered that the same be made a part of the record in this cause."

Some time since this court took occasion to indicate the proper practice in settling bills of exceptions. It said: "In settling exceptions it is the duty of the judge to strike out all redundant and useless matter, so the exceptions may be presented as briefly as pos-

sible; and the bill, when settled, must conform to the truth.    Comp. Laws, §§ 5082, 5083.    It is the duty of the judge to exclude all redundant and useless matter, and correct the bill until it is conformable to the truth, regardless of what may or may not be proposed by the parties.  The proper practice is for the judge to indicate such changes, if any, that he deems should be made in the proposed bill; and then an engrossed bill should be prepared, without interlineations or erasures, complete in itself, containing such matters as are necessary to explain the rulings of the court and errors relied upon by the party seeking its settlement, and such engrossed bill should be signed by the judge.   We take this occasion to condemn the practice, occasionally followed, of attaching proposed amendments to a proposed bill, and indicating by an order or certificate such as are allowed or rejected."   Dewey v. Fieler, 10 S. D. 623, 74 N. W. 1052.   In the case at bar it is impossible to ascertain from the record what amendments were proposed, or what were allowed. In effect, no bill of exceptions or statement of the case was settled or certified.   The judgment is clearly within the allegations of the pleadings.   In the absence of any properly certified exceptions, it must be presumed that the evidence was sufficient to sustain the verdict, and that no errors in law occurred at the trial.

The order denying a new trial is affirmed.