COUNTY OF DOUGLAS ET AL. V. FRANK E. MOORES ET AL.

FILED NOVEMBER 6, 1902. No. 11,389.

Commissioner's opinion, Department No. 3.

Costs: WITNESS FEES: STATUTE: PAYMENT INTO TREASURY. No costs of any kind can be taxed in a case, unless the statute makes provision therefor, and the legislature may, in providing for the taxation of witness fees and other costs, make a condition that such fees and costs shall be called for within a certain specified time, in default of which they shall be paid into the county treasury for the benefit of the school fund.

ERROR from the district court for Douglas county. Action on the official bond of the ex-clerk of the district court to recover unclaimed witness fees. Tried below before BAXTER, J. Judgment of non-suit below. *Reversed.*

*George W. Shields,* for plaintiffs in error.

*James H. Adams* (*Asel Steere, Jr.,* on motion for rehearing), *contra.*

DUFFIE, C.

This is an action on the official bond of Frank E. Moores, as clerk of the district court for Douglas county, to recover certain unclaimed witness fees and costs paid to him as clerk of the district court. The defendants interposed a general demurrer to the petition, which was sustained, and

the plaintiffs electing to stand on the petition, judgment was given for the defendants. The plaintiffs bring the case here on error.

Since 1869 section 26, chapter 80, Compiled Statutes of 1901, has been in force. It is as follows: "All unclaimed fees and costs which have been paid and not demanded for two years shall be paid in by the justice or clerk of any court under whose control such unclaimed fees and costs may be, to the school fund of the respective counties where such moneys belong."[*] In 1877[†] further legislation was had relating to unclaimed witness fees. The act provides that in all cases where witness fees shall be paid to the clerk of the district court, county judge or justice of the peace, and shall remain in their hands uncalled for for the period of six months, a report of the same under oath shall be made to the county commissioners of the county. The commissioners, within twenty days after the filing of the report, are to publish a notice in some paper of general circulation, for two weeks, that the fees, if not called for in six months, will be paid into the common-school fund of the county. It is made the duty of the county commissioners to commence suit against any officer and his bondsmen who fails to pay over to the county treasurer the witness fees reported by him, and not called for by the party entitled thereto within six months after the same are reported to the county commissioners as above provided. The petition alleges that the witness fees involved in this action were reported by Moores as unclaimed; that the county commissioners had published notice as required by the statute, and that Moores had failed to pay the same into the county treasury, though unclaimed for more than six months from and after the date of reporting them to the county commissioners. It is insisted by the defendants in error that these statutes are unconstitutional in that they seek to divest the parties to whom these witness fees be-

[*] Cobbey, Annotated Statutes, sec. 9885.

[†] Compiled Statutes, ch. 28, secs. 39-41, Cobbey, Annotated Statutes, secs. 10882-10884.

long, of their money without due process of law. It is
further claimed that the question has been determined by
this court adversely to the plaintiff in error in *State v.
Moores*, 52 Nebr., 770. If it be conceded that the exact
question was involved in *State v. Moores*, still we are of
the opinion that the rule there announced should not be
adhered to. The opinion in that case and the argument of
the defendants in error in the case at bar, overlook and
entirely ignore what, to our minds, is the controlling
principle in this case. The witness fees allowed by statute
are a part of the costs in a case. At common law no costs
were taxed or allowed. It is only because of the statute
allowing it to be done that witness fees are taxed in any
case tried in our courts. The legislature has a right to re-
quire that any citizen or resident of the state shall attend
the courts of the state as a witness or juror without com-
pensation or fee of any kind. This is a right belonging to
the state in its capacity of sovereign. Without it it would
not be able to administer justice among its citizens. The
granting of pay to witnesses is a privilege extended, not a
right which can be demanded. If the witness or juror was
entitled to pay as a matter of right, he would have the same
right to demand that his pay should be graduated accord-
ing to the value of his time, and while one witness or juror
could demand a dollar a day for his attendance on the
court, another whose time was more valuable could demand
ten or twenty or fifty dollars per day, as the case might
be. But it is useless to spend time in giving reasons for the
rule or urging arguments in its favor, as it is settled be-
yond controversy or dispute that, in the absence of a stat-
ute, witness fees or other costs can not be allowed. *Dow
v. Updike*, 11 Nebr., 95; 5 Ency. Pl. & Pr., p. 110, and cases
cited. This being so, and the right inhering in the legis-
lature to award fees to witnesses or not, as it sees fit, it is
not a question open for argument that if fees are allowed,
it may be on any condition which the legislature sees fit to
impose. Had the legislature seen fit, in passing the orig-
inal statute allowing witness fees to be taxed, to say that

they should be paid into the treasury for the benefit of the school fund unless the witnesses or the parties claiming the fees should demand them within six months, or any other specified time, no one would question the validity of such a law, or contend that the legislature, in granting the privilege to a witness to claim fees for his attendance, could not extend it on any legal condition which it saw fit to impose. Having the right to do this originally, it has the same right to incorporate the condition into the statute by way of amendment or subsequent legislation. That is all that has been done in the present case. The fees involved were all paid in under the statute as it now exists, and the witnesses or other parties who might have claimed the fees if demanded within the time required by statute have lost their right to them by their laches. They have not performed the condition which entitles them to claim these fees.

We recommend that the judgment of the district court be reversed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.