### GALEN HALL COMPANY v. ATLANTIC CITY.

Argued November 27, 1907—Decided February 24, 1908.

1. A municipal court takes judicial notice of the ordinances of that particular municipality.
2. Upon the review of a judgment of a municipal court the Appellate Court will, in support of such judgment, judicially notice municipal ordinances of which the court below was at liberty to take notice.

On *certiorari.*

Before Justices GARRISON and REED.

For the prosecutor, *Clarence L. Cole.*

For the defendant, *Harry Wootton.*

The opinion of the court was delivered by

GARRISON, J.   The recorder of Atlantic City having convicted the prosecutor of carrying passengers for hire in an automobile without having obtained the license therefor prescribed by the Mercantile License ordinance of that city, the prosecutor sued out this writ of *certiorari* to review the legality of the said conviction.   The prosecutor conducts a hotel and sanitarium, in connection with which it uses an automobile to carry its patrons to and from the railway station, for which service a fee or fare is charged.

We think that the license fee imposed by the ordinance covers an automobile so used.   The ordinance either means this, or it means to license automobiles regardless of the mode of their employment, which would not help the prosecutor. The contention that the fee is for the sale of automobiles is entirely untenable under the maxim *"noscitur a sociis,"* for hacks, omnibuses, delivery wagons, carts, &c., are all in the same category, and no one pretends that the license fee is for the sale of these vehicles.

The fact that the hotel business is taxed has no bearing upon the constitutionality of the requirement of a license fee for an ancillary business.   The common instance of licensing hotel bars is to the opposite effect.   The complaint is not defective, and the proofs and stipulation of facts support the conviction.

The claim that the fine is imposed at the discretion of the magistrate, and hence unlawful, is not within any of the reasons filed by the prosecutor.

Finally, the contention is made that the ordinance itself was not offered in evidence, and that this omission is fatal. In the case of *Hankinson* v. *Trenton,* 22 *Vroom* 495, a con-

viction for the violation of an ordinance, not of the municipality, but of a sub-department thereof, was set aside upon this ground. In the opinion delivered in that case it was said: "It was suggested upon the argument that the ordinance in question was one of which judicial notice might be taken. By this view it is assumed, as a rule of evidence, that the acts of a municipality will be judicially noticed by all the courts thereof. This position, which finds some support from the text-writers, need not now be examined inasmuch as the ordinance in question is not an enactment of the municipality of which the police justice is a judicial officer, but is a by-law or ordinance of one of the city departments, to wit, the board of excise commissioners."

The matter thus passed without decision has now been examined, with the result that we think the correct rule to be that a municipal court takes judicial notice of the ordinances of that particular municipality, and that on the review of the judgment of such court the Appellate Court will, in support of such judgment, judicially notice municipal ordinances of which the court below was thus at liberty to take notice, or, what is the same thing, will presume that the judgment was based on a legal ordinance, if there be such an ordinance capable of supporting the judgment, of which ordinance the court below might have taken judicial notice.

The cases *pro* and *con* upon the latter phase of this question are collected in 16 *Cyc.* 898; 20 *Cent. Dig.*, § 42, tit. *"Evidence;"* 17 *Am. & Eng. Encycl. L.* 937.

The conviction brought up by this *certiorari* is affirmed.