## CITY OF MILBANK v. CRONLOKKEN.

Testimony that accused was seen in a drunken condition on the main street of a town, and soon thereafter, while still intoxicated, was arrested in front of the home of a witness who testified that she lived in the town, sufficiently shows that accused was intoxicated within the corporate limits of that town.

In a prosecution for violating an ordinance, the city justice must take judicial notice of the city's ordinances, and upon a trial de novo upon appeal to the circuit court that court must take such notice.

On appeal from the circuit court from a conviction on a trial de novo for violating a city ordinance, the Supreme Court will presume that the circuit court satisfied itself as to the existence of any ordinance submitted to the jury.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Grant County: Hon. FRANK Mc-NULTY, Judge.

Nils P. Cronlokken was convicted of violating an ordinance of the city of Milbank on trial de novo in the circuit court, and he appeals from the judgment and from an order denying a new trial. Affirmed.

Anderson & Waddel, for appellant. Thomas L. Bouck, for respondent.

WHITING, J. Defendant was charged, in the city justice court of the city of Milbank, S. D., with a breach of an ordinance of said city. He was convicted, and appealed to and obtained a trial de novo in the circuit court of Grant county, where he was

again found guilty. From the judgment of the circuit court and order denying a new trial, he has appealed to this court.

Section 500 of the Code of Criminal Procedure provides that this court, upon appeal, "must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." We think if there ever was a case where this provision of the statute would require an affirmance of the judgment appealed from, this is certainly such a one. Defendant was charged with violating an ordinance of said city by appearing in a state of drunkenness and intoxication in a public place in said city; and the evidence showed, beyond all possible doubt, that defendant was, at the time mentioned, in the condition charged and was making a public nuisance of himself. Appellant in no manner questions the sufficiency of the proof, except that he says: (1) There is no evidence showing the place where the offense was committed was a public place or within the corporate limits of the city of Milbank. (2) There was no competent proof of the ordinance which defendant is charged with breaking.

[1] Defendant was seen in a drunken condition on the main street of Milbank, and was soon after, while still in an intoxicated condition, arrested in front of the residence of a lady who swore she lived in the city of Milbank. There is not the slightest merit to the first assignment.

[2, 3] Appellant does not contend that there was no ordinance such as he was charged with breaking, but says the evidence received preliminary to the offer in evidence of a pamphlet purporting to contain the ordinances of said city was insufficient to warrant the receipt in evidence of such pamphlet. We believe a proper foundation for the receipt of such pamphlet was laid if it had been necessary to prove the ordinance, which it was not.

The rule is established by the great weight of authority that a municipal court will take judicial notice of the ordinances of its municipality; and that, in an action brought in such courts to enforce an ordinance, such ordinance need neither be pleaded nor proven. It was early decided by the Supreme Court of Kansas,

in City of Solomon v. Hughes, 24 Kan. 211, wherein, as in the case before us, the defendant was charged with the breach of a city ordinance and had been tried before the police judge of the city, and upon appeal had had a new trial in the district court, and had then appealed from the judgment of the district court: "About the only question involved in the case is whether the district court could, in such an action as this, take judicial notice of the incorporation of said city and of its ordinances. We suppose that it will be admitted that the police judge, who was an officer of said city, and the one before whom the case was originally prosecuted, could not only take judicial notice of the incorporation of his own city, and of the existence and substance of its ordinances, but that it was his imperative duty to do so. And when the case was taken on appeal from the police judge to the district court, we think it was not only within the power, but it was also the duty, of the district court to try the case in the same manner that it should have been tried before the police judge. The district court was, in fact, substituted for the time being for the police judge; and, whatever the police judge could have taken judicial notice of while the case was in his court, the district court could and should take judicial notice of after the removal of the case to the district court; and, as there was no necessity to introduce evidence in the police judge's court to show the incorporation of the city of Solomon, or the existence of its ordinances, we think there was no necessity to introduce such evidence in the district court. And what did not need to be proved, did not need to be alleged."

This case has become a leading authority upon the proposition above quoted. In McQuillin, Municipal Corporations, § 861, after stating that the weight of authority is to the contrary, the author says: "But the better view appears to be that where an action for the violation of an ordinance has been commenced in a municipal or police court, and the case is appealed, the latter court, whether state or municipal, will take judicial notice of the incorporation of the city and of the existence and substance of its ordinances."

We think a review of the decisions cited in the above work will not support the conclusion that the weight of authority is

against what the author states to be the "better view." See, also, City of Portland v. Yick, 44 Or. 439, 75 Pac. 707, 102 Am. St. Rep. 633; Foley v. State, 42 Neb. 233, 60 N. W. 574; Steiner v. State, 78 Neb. 147, 110 N. W. 723; Galen Hall Co. v. Atlantic City, 76 N. J. Law, 20, 68 Atl. 1092; Town of Moundsville v. Welton, 35 W. Va. 217, 13 S. E. 373; 17 Am. & Eng. Ency. Law, 937. We fully concur in the view that an appellate court, upon a trial de novo had upon appeal from a lower court, is bound to take judicial notice of such local ordinances or regulations as the lower court was bound to take judicial notice of. It therefore follows that no proof of the ordinance was necessary, and this court will presume that the trial court satisfied itself as to the existence of any ordinance submitted by it to the jury. Scranton v. Danenbaum, 109 Iowa, 95, 80 N. W. 221.

The judgment and order appealed from are affirmed.