SAUL SIDELSKY, PROSECUTOR, v. CITY OF ATLANTIC CITY.

Argued December 6, 1912—Decided April 10, 1913.

1. Where the prosecutor was convicted of illegally obstructing the highway in violation of the provisions of the city ordinance, and there was testimony in the case from which the trial court might reasonably conclude that the offence had been committed, this court will not upon *certiorari* review the facts to determine the sufficiency of the evidence.

2. The municipal court upon complaint before it for the violation of a city ordinance, may take judicial notice of the existence of the city ordinances without specific proof of their formal passage.

On *certiorari* to recorder's court of Atlantic City.

Before Justices TRENCHARD, PARKER and MINTURN.

For the defendant, *Harry Wootton.*

For the prosecutor, *Joseph B. Perskie* and *Bolte & Sooy.*

The opinion of the court was delivered by

MINTURN, J. The writ removes the conviction of the prosecutor before the recorder of Atlantic City, for violation of an ordinance intended to prevent the obstruction of the streets of that city. The prosecutor contests the legality of the conviction upon the ground, *inter alia,* that on the 17th day of June, 1912, he became a duly licensed vender, under the provisions of an ordinance of the city known as the "Mercantile ordinance," which he insists in effect authorized him to travel from place to place in the city in pursuit of his business of selling lunches from a wagon.

At the time of the passage of the ordinance under which he was licensed, there was in existence in the city another ordinance, approved February 14th, 1906, which provides for the imposition of a penalty for the obstruction of the city streets, and the prosecutor was convicted under the provisions of that ordinance.

We must assume that the prosecutor was guilty in fact of obstructing the street at the terminus of Virginia avenue and its junction with the boardwalk, as charged in the complaint, since that was the only question of fact involved in the case. The trial court having found that issue against him, the rule is well settled that where there is evidence upon which the trial court may reasonably base its finding of fact, the conclusion thus reached will not be disturbed upon review by this court. *Roehers* v. *Remhoff,* 26 *Vroom* 475.

The prosecutor's main insistence is that since his license authorized him to travel from place to place, in the city, in the pursuit of his business, the ordinance under which he

was convicted was practically in contravention of the former ordinance. But such a conclusion is *non sequitur,* since the license he received may be said to have been issued to him upon the assumption that his business would be so conducted as not to constitute a public nuisance, which is the legal generic designation of the illegal act with which he was charged, and of which he was found guilty.

To assume that the council of Atlantic City, by its ordinance, authorized the prosecutor in the pursuit of business to unduly obstruct public travel upon the city highways, is in effect to charge that that body under the form of law authorized the prosecutor to engage in the commission of a public nuisance. This, of course, would be a violent assumption, and contrary to all legal intendment. 3 *Abb. Mun. Corp.* 2071.

We prefer to assume that in the passage of these two ordinances the city council intended that the prosecutor might pursue his calling in such a manner as not to create a public nuisance; and that if in the manner of conducting his business he created a nuisance, he would become liable under the ordinance which was intended to prevent the obstruction of the streets by regulating their proper use.

It is further insisted that the conviction was illegal because the ordinance of February 14th, 1906, regulating the use of the streets under the provisions of which the conviction was had, was not introduced in evidence.

It appears in the case, that the ordinances of the city were compiled in printed form under the authority of the city council, and that by virtue of a provision of the city charter (*Pamph. L.* 1902, *p.* 297, § 16) the ordinances so compiled are to be taken and received in evidence in all courts.

But aside from the authority of this legislative mandate, the rule is well settled that a municipal court takes judicial notice of the ordinances of that particular municipality, and that upon a review of the judgment of the municipal court, this court will in support of the judgment, judicially notice the municipal ordinances of which the court below

was at liberty to take notice. *Galen Hall Co.* v. *Atlantic City,* 47 *Vroom* 20; *Byer* v. *Harris,* 48 *Id.* 304.

Finding no other reason of substance in the record which need be specifically discussed, the conviction will be affirmed, with costs.