EUGENE RAFFERTY, PROSECUTOR, v. THE COURT OF COMMON PLEAS OF PASSAIC COUNTY, DEFENDANT.

Submitted January 30, 1926—Decided June 5, 1926.

1. Section 11 of chapter 77, *Pamph. L.* 1910, *p.* 112 (*Comp. Stat.*, *p.* 4007), providing that, on conviction of any person before the recorder's court, it shall not be necessary in such conviction to set forth the testimony taken on the trial, has not been superseded by chapter 73 of *Pamph. L.* 1916, *p.* 143.

2. A municipal court takes judicial notice of the ordinances of that particular municipality, and upon the review of the judgment of such municipal court the appellate court will, in support of such judgment, judicially notice municipal ordinances of which the court below was at liberty to take notice.

On *certiorari.*

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *Michael J. Murphy* and *Arthur C. Dunn.*

For the defendant, *Benjamin J. Spitz.*

The opinion of the court was delivered by

TRENCHARD, J.　Eugene Rafferty was convicted by the recorder of the city of Paterson of the violation of section 1 of an ordinance of the city prohibiting the keeping of gaming houses. Such conviction was reviewed by the Court of Common Pleas and was affirmed. This writ brings up for review the legality of that judgment.

The prosecutor first contends that the conviction should be set aside because it does not set forth the testimony upon which the conviction rests. We think that an examination of the conviction itself discloses that such contention is illfounded in point of fact. But if that be not so, the argument in support of such contention is clearly ill-founded in law.

Chapter 77 of *Pamph. L.* 1910, p. 112 (*Comp. Stat., p.* 4007), entitled "An act to regulate and increase the powers of police courts, recorder's courts and similar municipal courts known by another name in cities of the second class having a population of over fifty thousand, and regulating the appointment of judges or recorders to preside over the same," provides in section 11 that "on conviction of any person before such court, it shall be sufficient for the conviction to set out the name of the defendant and the number of the section and the title of the ordinance or statute under which the conviction is had, the names of the witnesses sworn and

a list of the exhibits produced at the trial, and a statement that the defendant was convicted, with the date of such conviction, which conviction shall be signed by the magistrate of such court, *and it shall not be necessary to set forth any of the testimony taken on the trial of said cause in such conviction."*

We think that section of that statute is applicable to the recorder's court of the city of Paterson, and, as we have seen, it provides that it is not necessary to set forth such testimony in the conviction. The prosecutor's only argument to the contrary is that such statute of 1910 has been superseded by chapter 73 of *Pamph. L.* 1916, *p.* 143. But that is not so. The latter statute contains no express repealer, and we see no indication, not even the slightest, of an intention to repeal the statutory provision in question. Section 14 of the act of 1916 deals with convictions in prosecutions under a "statute" only, whilst section 11 of the act of 1910 deals with convictions under an "ordinance or statute," and that act, unlike the act of 1916, by section 4 expressly confers jurisdiction upon the recorder in cases of violations of ordinances.

It is further contended that the conviction should be set aside because the ordinance alleged to have been violated was not proved at the trial. But that contention is ill-founded in law.

The prosecutor relies upon the case of *Board of Health of the City of Paterson* v. *Cohen,* 88 *N. J. L.* 369. But there the conviction (like that in *Hankinson* v. *Trenton,* 51 *Id.* 495) was for the violation of an ordinance, not of the municipality, but of a sub-department thereof, and was therefore not an enactment of the municipality of which the recorder was a judicial officer. Here the conviction was for a violation of an ordinance of the city of which the recorder is a judicial officer.

Now, the rule is that a municipal court takes judicial notice of the ordinances of that particular municipality, and upon review of a judgment of such municipal court the appellate court will, in support of such judgment, judicially notice such municipal ordinances of which the court below was at

liberty to take notice.  *Galen Hall Co.* v. *Atlantic City,* 76 *N. J. L.* 20; *Sidelsky* v. *Atlantic City,* 84 *Id.* 198.

We believe that we have thus dealt with every question raised and argued by the prosecutor, and we desire to be understood as limiting our consideration and determination to such questions.

The judgment brought up will be affirmed, with costs.