CITY OF ARLINGTON, Respondent, v. BUTLER, Appellant.
(240 N. W. 496.)

(File Nos. 7051, 7052. Opinion filed January 30, 1932.)

*Hall & Eidem,* of Brookings, for Appellants.
*Cheever, Collins & Cheever,* of Brookings, for Respondent.

RUDOLPH, J. This is an appeal from an order of the circuit court of Kingsbury county reversing a judgment of the city justice of the peace of the city of Arlington. Two cases are involved, and are by stipulation here consolidated in one appeal. The defendant in each case was charged with violating the provisions of Ordinance No. 97 of the City of Arlington. The criminal complaint did not set forth the ordinance except by number. The actions were commenced before the city justice; demurrers were filed to each complaint and the demurrers sustained. The plaintiff, city, appealed to the circuit court upon questions of law only. The justice made a settled statement of the cases and transmitted it,

together with the notices of appeal and certified copies of his docket, to the clerk of the circuit court. The statement of the justice as transmitted did not set forth the said Ordinance No. 97.

The appellant here contends that the circuit court, acting in the capacity of an appellate court only, could not take judicial notice of said Ordinance No. 97, and the ordinance not being otherwise before the court, the decision of the justice must be sustained.

██ It is apparent from the above statement of the facts that the ordinance was not before the circuit court except to the extent that that court would take judicial notice of it. Respondent relies to some extent upon the fact that the original statement of the justice did contain the ordinance, but upon motion of the defendant the original statement was changed and the ordinance excluded. We are of the opinion that this fact is immaterial, because the statement as finally prepared and transmitted (and this was all that was before the circuit court) did not set forth the ordinance. If the statement of the justice as finally prepared was deemed defective by the respondent, his remedy was a motion before the circuit court as provided in section 4450, Rev. Code 1919.

██ This court in the case of City of Milbank v. Cronlokken, 29 S. D. 46, 135 N. W. 711, Ann. Cas. 1914C, 1231, held that in a prosecution for violating a city ordinance before a city justice, where the defendant is convicted and an appeal is taken to the circuit court for a trial de novo, the circuit court may take judicial notice of such ordinance. The question here presented is: Should this rule apply where the appeal to the circuit court is not from a conviction, but from a dismissal of the complaint by the justice, and the appeal is not for a trial de novo but upon questions of law only? The reasons supporting the decision in the Cronlokken Case are that upon an appeal from a justice court to a circuit court, and a trial de novo in the circuit court, the circuit court is for the time being substituted for the justice court, and while so acting tries the case in the same manner as it should have been tried before the justice. The circuit court then, while acting in this substituted capacity, should judicially notice everything to the same extent as the justice court, and a city justice is, of course, bound to take judicial notice of the existence and sub-

stance of the ordinances of the city. However, the reasons supporting the Cronlokken decision fail when the appeal is not for a trial de novo but upon questions of law only. Where an appeal from a justice court to a circuit court is taken upon questions of law only, the circuit court acts as a reviewing court. People's Sec. Bank of Worthington v. Sanderson, 24 S. D. 443, 123 N. W. 873. When acting as a reviewing court the circuit court is not substitited for the justice court, but is acting in the same capacity as any appellate court. This being true, we can see no logical reason, should we hold that the circuit court in reviewing a case appealed from a city justice court on questions of law only should take judicial notice of the city ordinance, why we should not also hold that if and when the case comes to this court this court also should take judicial notice of the city ordinances. We are not willing to extend the doctrine announced in the Cronlokken Case, supra, to this extent.

The appeal from the justice to the circuit court being upon questions of law only, we are of the opinion that the circuit court acting only as a reviewing court could not take judicial notice of the said Ordinance No. 97. This holding has support in the decided cases. See Steiner v. State, 78 Neb. 147, 110 N. W. 723, 724, wherein the Nebraska court said, after referring to a holding in that state similar to the holding in the Cronlokken Case. supra: "But a different rule will prevail with respect to this court where such matters are not triable de novo. This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment, or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record."

The demurrers in justice court having challenged the validity and constitutionality of said Ordinance No. 97, and the said ordinance not being before the circuit court and not being a subject of judicial notice by that court, it was error for the circuit court to reverse the decision of the justice sustaining the demurrers.

The order appealed from is reversed, with directions to enter an order sustaining the judgments of the justice court.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.