ANDERSON, Respondent v. ADAMSON, Appellant

(112 N.W.2d 612)

(File No. 9914. Opinion filed January 16, 1962)

Rehearing denied March 29, 1962.

**Sam D. Sechser,** Sioux Falls, for Defendant and Appellant.

**T. M. Bailey, Jr.,** Sioux Falls, for Plaintiff and Respondent.

SMITH, J.  This litigation arose out of a collision of motor vehicles of the parties which occurred in the 300 block of West 9th Street in a business district of Sioux Falls, South Dakota. Just prior to the event plaintiff had entered his vehicle, which was parked facing east parallel with the south curb in the space assigned to the first parking meter west of the alley. He was intending to travel east along the south lane of the street. At about the same time defendant was approaching from the east along the north side of the street. He was intending to make a left turn to the south into the above mentioned alley. After defendant had made his turn toward the alley, and plaintiff had pulled out in a northeasterly direction from the curb, the vehicles collided on the south side of the street opposite the opening to the alley. In this action plaintiff recovered the full amount of damage to his automobile. Obviously the verdict was based upon a conclusion that plaintiff was not guilty of contributory negligence as averred by defendant. The appeal is by defendant.

The first contention of the defendant deals with an instruction of the court to the jury reading in part as follows:

"The Ordinances of the City of Sioux Falls do not authorize a left turn from a street into an alley, as defendant was attempting to make at the time the collision occurred. The action of the defendant in this regard was negligent. Having established that fact it then becomes necessary for you the

Jury to determine whether that act of the defendant proximately caused the accident which occurred and the damage which the plaintiff thereafter sustained * * *."

We are told that this instruction was erroneous because "The record does not show any Sioux Falls Ordinances prohibiting or regulating left hand turns into alleys. The instruction does not state that such turns are prohibited by city ordinance, but rather states that they 'are not authorized.' "

■ ■ To regulate the use of motor vehicles by ordinance is within the power of the City of Sioux Falls. SDC 45.0201(32) and 45.0201(19); City of Sioux Falls v. Peterson, 71 S.D. 446, 25 N.W.2d 556. The pertinent ordinances of that city were not placed in evidence and are not a part of the settled record. Although such ordinances were neither pleaded nor offered in evidence, the municipal court in which the action was brought was required to take judicial notice of the same as the applicable law of its jurisdiction. City of Milbank v. Cronlokken, 29 S.D. 46, 135 N.W. 711, Ann.Cas.1914C, 1231. However, on appeal from a judgment of a municipal court, a reviewing appellate court will not take judicial notice of such ordinances. City of Arlington v. Butler, 59 S.D. 443, 240 N.W. 496 and McDonnel v. Lakings, 78 S.D. 195, 99 N.W.2d 799.

■ ■ From considering the charge of the court as a whole, we understand it to have employed the word "authorize" in this questioned instruction as synonymous with "permit", to convey the meaning that the ordinances of Sioux Falls do not "permit" such a left turn as defendant was attempting. Without knowing judicially that the ordinances of Sioux Falls do not "prohibit" a left turn such as defendant attempted, we are not in position to determine whether the assailed instruction is erroneous and prejudicial. The proceedings of the trial court are presumptively correct. Dyea Electric Light Co. v. Easton, 15 S.D. 572, 90 N.W. 859; Hardman v. Lasell, 55 S.D. 176, 225 N.W. 301;

and Dwyer v. Christensen, 77 S.D. 381, 92 N.W. 199. In Steiner v. State, 78 Neb. 147, 110 N.W.723, 724, it was aptly written:

> "The judgment of the district court comes here attended with the usual presumptions of regularity. The record shows that the jury were instructed that the facts charged in the information were in violation of the ordinances of the city. In the absence of a showing to the contrary, it will be presumed that the facts before the court, including those of which it was required to take judicial notice, justified the court in so instructing."

And see Wells v. State, 152 Neb. 668, 42 N.W.2d 363.

It follows that the record is insufficient to support this contention of defendant. What we have said in reference to this first contention of defendant rules a subsequent contention that the trial court erred in refusing a requested instruction said to be based on an ordinance not appearing in the settled record.

We are aware of the authorities which take the position that an ordinance being law in the municipal court should be judicially noticed as applicable law in the reviewing court. Orose v. Hodge Drive-It-Yourself Co., 132 Ohio St. 607, 9 N.E.2d 671, 111 A.L.R. 954. However, to adopt the suggested practice would be for us to shoulder a burden now resting on those more conversant than are the members of this court with the proceedings of the governing body of a particular municipality and its ordinances.

█ The contention is also made that the court erred in requiring defendant, a member of the Sioux Falls police force, to say whether he knew the ordinances of the city do not authorize a left turn into an alley. It being settled by the trial court's instruction, mentioned supra, that such a left turn is not authorized by the ordinances of Sioux Falls, it is apparent that this rule of the court could not have prejudiced defendant.

The defendant complains of prejudice from an instruction given to the jury reading as follows:

"You are further instructed that in the exercise of due care one must at all times see and know from having seen that the street or highway which he is using or intends to use is reasonably safe and clear for travel a sufficient distance ahead to make it reasonably safe to advance at the speed being employed by him. A driver must so drive that he can and will discover objects within the range of his vision and to drive so that he is enabled to bring his vehicle to a stop without colliding with any other vehicle **unless such other vehicle moves into his path of travel unknown to him and in violation of the rules of the road.**"

The phrasing we have emphasized is the portion of the instruction to which defendant takes exception. It is his position that the evidence offers no support for the theory that defendant's vehicle could have moved into plaintiff's path of travel unobserved and unknown if he had maintained such a lookout as the remaining portion of the instruction described. The contention must be considered in the light of the testimony of the parties, including some facts upon which they agree.

The south half of West 9th Street is 26 feet wide. The alley to the south is 14 to 16 feet wide. Plaintiff's car was parked with its front 4 feet from the west side of the alley. After the collision the cars lodged in contact opposite the opening of the alley, the point of contact being 12 or 13 feet north of the curb line and about on the center line of the alley. Plaintiff's car traveled 16 to 18 feet from its parked position to the point of contact with defendant's car.

According to defendant's version of the facts he entered West 9th Street from the north at the first intersection to the east of the point of collision. He saw plain-

tiff's car in its parked position just after he turned into the street but did not see plaintiff therein. The highest speed he reached in traveling the half block to the line of the alley was ten to fifteen miles per hour. He signaled for a left turn with his blinker lights from a point about half way to the alley line, and slowed down to about five miles as he was making his turn. He observed plaintiff's car without concentrating on it as he advanced. After he had turned and the front two-thirds of his car was across the center line of the street he discovered plaintiff moving forward. Plaintiff's head was then turned to the west. He hit his brakes. He judged each car moved about 8 feet after the moment he discovered plaintiff's movement.

Plaintiff testified he had just entered his car intending to travel east. He started the motor and then checked traffic from the west. He permitted two oncoming cars to pass by to the east. He then checked west again to see that all was open. He then looked forward and south for traffic in the south alley and across to the north alley. He said no car was coming along the street from the east. Thereafter he turned and looked west, let out his clutch and started. At first he testified that he did not see defendant's vehicle until the moment of the collision. He later testified that after he saw defendant's vehicle he had time to hit his brakes before the collision. He said defendant came toward him at an angle of 45 to 90 degrees, and he "didn't see no signal; there was no signal" for a left turn.

■ ■ It is settled law that even though plaintiff failed to take cognizance of defendant's vehicle approaching along the north side of the center line of West 9th Street, because it was there to be seen, he was as much bound as though he had seen it. Flanagan v. Slattery. 74 S.D. 92, 49 N.W.2d 27. If, however, the jury believed plaintiff's testimony that defendant came toward him at an angle of 45 to 90 degrees and there was no signal for a left turn, that which plaintiff would have been bound to have seen if he had made an earlier proper observation

would have been defendant's vehicle moving along the north side of the street without anything to indicate an intention to turn left. In these circumstances there would have been a reasonable possibility that defendant's turn came at a time when plaintiff was making a required observation to the west. It will be recalled that both parties testified plaintiff was looking west as he moved forward. It was such an unseen and unanticipated turn toward plaintiff's path of travel the court sought to deal with by the words of its instruction we have emphasized. We have concluded that the factual theory we have outlined finds sufficient support in the evidence to justify the phrasing employed by the court.

■ The defendant complains of the failure of the court to give an instruction he requested reading as follows:

"If operator of a motor vehicle fails to see an automobile which was plainly to be seen to the front of that vehicle, said operator was bound to the same extent as though he had seen the automobile."

As we have indicated this instruction states the law as settled by Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27. However, in view of the unemphasized content of the instruction of the court last quoted supra, it cannot be said that defendant suffered prejudice through the refusal of the quoted request.

Finding no prejudicial error in the record, the judgment is affirmed.

RENTTO, P. J., and ROBERTS, J., concur.

HANSON and BIEGELMEIER, JJ., dissent

HANSON, J. (dissenting).

I am unable to concur.

According to the Traffic Code of the City of Sioux Falls, which is "unofficially" available to this court, there is no ordinance prohibiting or in any manner regulating

left-hand turns between intersections in said municipality. Hence, defendant was prejudiced by the following erroneous jury instruction:

"The Ordinances of the City of Sioux Falls do not authorize a left turn from a street into an alley, as defendant was attempting to make at the time the collision occurred. The action of the defendant in this regard was negligent * * *."

Naturally, if the ordinances of Sioux Falls do not expressly authorize left turns between intersections, the general rules of the road do and it is not negligence per se to make such a turn. Barnhart v. Ahlers, 79 S.D. 186, 110 N.W. 2d 125.

Defendant timely and properly objected to said instruction. However, the ordinances of Sioux Falls were not offered in evidence in support of his objection nor were they included in the settled record. Thus, the main issue presented on this appeal is disposed of without decision on the merits because the majority of this court feel they are precluded from taking judicial notice of the ordinances involved.

The municipal court was obligated to, and did, take judicial notice of all the traffic ordinances of the City of Sioux Falls. His relationship to those ordinances is the same kinship as that of a Circuit Court to the laws of South Dakota. During the trial of this case in municipal court defendant was not required to plead or prove the ordinances. They were not offered in evidence and would not have been material, or admissible, if offered. They are matters falling outside the required contents of a settled record. See SDC 1960 Supp. 33.0736. Under the circumstances, it seems only reasonable that this court should have the discretionary power and authority to judicially notice the ordinances involved which are conveniently available and certified as to their validity and effectiveness. Ordinarily, an appellate court will take judicial notice of any matter which the court of original jurisdiction may notice. 20

.Am.Jur., Evidence, § 27, p. 55. There is no sound reason why municipal ordinances should be an exception to this general rule.

I concede the majority opinion follows time honored precedent. This does not necessarily make it a hallowed rule. The majority base their opinion on the rule appearing in City of Arlington v. Butler, 59 S.D. 443, 240 N.W. 496. That case involved an appeal on a question of law from a justice court to circuit court. It was held therein, as a majority of the courts hold,[1] that the Circuit Court was acting as a court of review and for that reason could not take judicial notice of the ordinance which was the sole subject of the appeal.

The only plausible explanation for the existence of the above evidentiary rule is court convenience. It serves no other purpose and, as in the present action, it often results in the disposition of cases without decision on the merits. Accordingly, I believe this technical rule of procedure should be reconsidered and re-examined in the light of modern authority. McCormick believes the rule is "indefensible".[2] Wigmore refers to it as a "technical quiddity".[3] The Model Code of Evidence would allow the reviewing court, in its discretion, to take judicial notice of municipal ordinances in cases of this nature.[4] Such would appear to be the most logical and sensible rule to follow.

Our rules with reference to judicial notice of municipal ordinances on appeal are not consistent. When an appeal from justice court to circuit court involves a trial de novo the circuit court is obligated to take judicial notice of the ordinances involved, City of Milbank v. Cronlokken, 29 S.D. 46, 135 N.W. 711, because, as this court said, the circuit court is for the time being substituted for the justice court and under a duty to try the case in the

---

1   See Anno. 111 A.L.R. 959.

2   McCormick on Evidence §326, p. 696.

3   IX Wigmore § 2572, p. 553.

4.   Model Code of Evidence Rules 801 to 806.

same manner it should have been tried in justice court. I submit the same rule should apply on an appeal involving a question of law. As a matter of fundamental fairness an appellate court should be able to review an action in all its aspects in the same light it was tried in the court of original jurisdiction. It would not be a great hardship on the courts to determine the existence and effectiveness of pertinent ordinances. The burden thus imposed would not be comparable to our judicial notice of foreign law act which commands every court in this state to "take judicial notice of the common law and statutes of every state, territory, and other jurisdiction of the United States". SDC 1960 Supp. 36.0702. In both instances the courts could call upon interested counsel for aid and information.

The same issue was considered and determined by the Ohio Court in the case of Orose v. Hodge Drive-It-Yourself Co., 132 Ohio St. 607, 9 N.E.2d 671, 673, 111 A.L.R. 954. There, the municipal court took judicial notice of its municipal ordinances which were not incorporated in the bill of exceptions on appeal. However, the Supreme Court took judicial notice of the ordinances and in doing so said:

"In our opinion the better view is that an appellate court, in reviewing the judgment of a municipal court on questions of law, may take judicial notice of an ordinance of which the municipal court did and was entitled to take notice. Rafferty, Prosecutor, v. Court of Common Pleas of Passaic County, 102 N.J.Law, 489, 133 A. 524; Sidelsky, Prosecutor, v. City of Atlantic City, 84 N.J.Law, 198, 86 A. 531; Galen Hall Co. v. Atlantic City, 76 N.J.Law, 20, 68 A. 1092; March v. Commonwealth, 51 Ky. (12 B.Mon.) 25.

"It would seem to be a cardinal principle that a reviewing court should, in determining whether prejudicial error has been committed, put itself in the position of the trial court and judicially notice what was properly noticed below."

The precedent rule which bars judicial notice of municipal ordinances on appeal involves no vested or property rights. It is procedural and court made. Therefore, this court has a continuing responsibility to re-examine and reconsider such rules for the elimination of unrealistic technicalities which stand in the way of deciding cases on their merits. Accordingly, to avoid the dry and empty result in this, and other similar cases, I would reverse, or modify the rule of evidence written in the case of City of Arlington v. Butler, 59 S.D. 443, 240 N.W. 496, by taking judicial notice of the ordinances of the City of Sioux Falls which are already available to the court and grant defendant a new trial.

BIEGELMEIER, J. (dissenting). Because the traffic ordinances were not introduced in evidence, the majority opinion, in accord with prior decisions of this court, concludes the court's instruction as to a left turn was not prejudicial error. This is on the reasoning that (1) the ordinance does not authorize a left turn, (2) therefore does not permit it, (3) that it does in fact prohibit it; therefore violation of the ordinance was negligence.

If the ordinance does not prohibit the left turn it was prejudicial error to give the instruction as this court has recently indicated in Barnhart v. Ahlers, 79 S.D. 186, 110 N.-W. 2d 125. Accepting the prior decisions of this court that while the Municipal court must take judicial notice of its city ordinances, an appellate court on review may not do so, I submit the record shows the ordinances sufficiently to indicate that though they do not affirmatively authorize a left turn into an alley, they neither prohibit or otherwise regulate them.

Defendant was a policeman of the city. On cross-examination by plaintiff's attorney, he was asked if he was familiar with the "City Ordinances". He said he was. He was then asked: "Q. Are you familiar with the City Ordinance on making left turns into alleys? A. * * * there is no City Ordinance that says you can't. * * Q. Do you know of any City Ordinance that authorizes a left

turn into an alley? A. No, I don't. Q. In fact there isn't any such ordinance is there? A. Not that I know of.* * *"

Part of this evidence was objected to by the defendant because "these questions * * * should be covered in the instructions to the Jury later on as to what the law is * * *." The objection was overruled by the trial judge with the statement "he is supposed to be familiar with the City Ordinances. It is all right to ask him if he knows what it is." Admittedly the evidence was objectionable as not the best evidence and as invading the province of the court, yet the plaintiff and the court took this method of placing the ordinances in the record. The official sovereign documents provided for by SDC 1960 Supp. 36.0701 are the best evidence but if in a trial counsel offers and the court receives in evidence a typed sheet containing what was testified or agreed to as the ordinance, it would be in the record as such. So here where counsel offers and the trial court permits proof of the ordinance by this informal, unorthodox method, instead of reaching for the published ordinance book, it becomes part of the record. Plaintiff brought it in and cannot complain of it. Blackpipe State Bank v. Grass, 78 S.D. 551, 105 N.W.2d 442.

In this state of the record the burden then devolved on plaintiff to disprove this testimony by introducing an ordinance prohibiting such turn, if one existed, and then moving to strike the oral testimony. He did neither. We are not treating testimony of a state statute or rule of law which would not be of any force (State Highway Commission v. Fortune, 77 S.D. 302, 91 N.W.2d 675) but with an ordinance that this court has held must be proved and placed in the trial court record in order to be considered on appeal. Appellant's brief states "there is no ordinance in the City of Sioux Falls prohibiting left hand turns into alleys". This is unchallenged as respondent filed no brief and made no appearance at oral argument. While the introduction of the pertinent ordinances was the proper method, permitting plaintiff to prove them, as outlined, in the trial court and use the claimed lack of them in this court as a shield for error results in an

injustice. The instruction was erroneous and the order denying a new trial should be reversed.