NORTHWESTERN NATIONAL BANK OF SIOUX FALLS, et al., Appellants v. BRANDON et ux, Respondents

(221 N.W.2d 12)

(File No. 11385. Opinion filed August 30, 1974)

454

M. T. Woods of Woods, Fuller, Shultz & Smith, Sioux Falls, for plaintiffs and appellants.

Gene E. Pruitt of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for defendants and respondents.

BIEGELMEIER, Chief Justice.

Plaintiffs' complaint claims that by mutual mistake of the parties involved herein the legal descriptions of two four-plex apartments were inadvertently and mistakenly set forth in two earnest money agreements (hereafter referred to as the contracts) and two deeds of conveyance, and as a result defendants received title to excess property. Plaintiffs asked that the agreements and deeds be reformed, that the defendants reconvey the claimed excess, and that general relief be granted. Defendants' answer in effect was a general denial. Plaintiffs appeal from the judgment for defendants.

The action as to plaintiff Bank (herein referred to as Bank) and its appeal claim our first attention. A settlement agreement in an estate was followed by a final decree in which part of the property was assigned to plaintiff Juliann Kittelson and part to R. D. Kittelson. By a written agency agreement Mrs. Kittelson authorized the Bank generally to manage, but not sell, the property described therein as "Two-fourplex apartments 953 and 956 South Blaine," that being their street numbers.

The Bank, with Mrs. Kittelson's oral consent, negotiated for the sales of her property which resulted in the contracts and deeds above mentioned. It is clear that the Bank had no title or legal interest in the real estate involved, that Mrs. Kittelson was sole owner, and that if any person had a claim for reformation of the deeds or to a reconveyance it was Mrs. Kittelson, not the Bank. While defendants have not appealed, they did move that the trial court dismiss the Bank's action. On appeal it appears that the Bank had no title in the property or any interest in Mrs. Kittelson's cause of action against defendants, if any, and the trial court should have dismissed that action. This is so even if, as the Bank's counsel admits, the Bank would be responsible to Mrs. Kittelson for any damage she might have suffered as a result of its mistake. That would be a liability resulting from the principal-agent relationship with which defendants are not concerned. The Bank's appeal will therefore be dismissed.

Descriptions of the properties involved will in some instances be those used in the various instruments. The county auditor had designated land 330' by 660' as County Auditor's Tract 2 NE ¼ 22-101-49, Minnehaha County, South Dakota. See SDCL 43-21-2

through 43-21-4. It was not shown that this tract was ever officially platted into lots, blocks, streets or alleys, yet Exhibit 7 was introduced into evidence "for the purpose of illustration only" and to help with the opinions, descriptions and charts. This exhibit indicates some physical features, such as Blaine (Avenue) and six or seven outlined parcels, although it is not shown that Blaine was ever dedicated as such or that any of the parcels inside the 330' by 660', Tract 2, were ever platted as lots. The converse is true as the conveyances in the record were made as unplatted properties, in effect by metes and bounds. The descriptions (or misdescriptions) of the properties appearing in the record indicate this may have been one of the reasons that gave rise to this controversy.

It is undisputed that defendants were buying two parcels of real estate with an apartment house on each parcel. One parcel referred to in the evidence as No. 953 was on the west side of Blaine Avenue and the other referred to as No. 956 was on the east side of Blaine Avenue.

The first contract and offer to purchase was on a printed form of the Bank's Trust Department. It was filled in by a bank employee under the direction and supervision of a Bank Trust Officer. The abbreviated and erroneous description hereafter noted may have been partly caused by the use of the forms which provided very small spaces for the types descriptions. It contained the following description:

> "953 South Blaine & 956 South Blaine and generally described as Sioux Falls Unplotted (except S 120') East 132' W 297' County Auditors Tract 2 NE ¼ 22-101-49 & SE Unplotted (except S 120') E 132' W 297' County Auditors Tract 2 NE ¼ 22-101-49 located in Minnehaha County South Dakota."

The bank officer testified and an examination of Exhibit 7 confirms the fact that the abbreviated legal description as typed by the secretary described *one* parcel of land instead of *two* which both Brandon and the Bank officer agreed were involved. The contract was dated December 7, 1971, and was signed "R Marshall Brandon." Below this signature was an acceptance of

the offer dated "Dec. 8, 1972," signed by the Bank, "subject to court approval." Mrs. Kittelson did not accept this offer, nor was it shown that the contract was presented to her, evidently by reason of the noted error.

While the evidence is not clear on the subject, it shows that the erroneous description was discovered shortly thereafter, and another contract form (Exhibit 4) was filled out. It, too, was dated December 7, 1971, and was signed "R M Brandon." A similar acceptance was signed by the Bank, and below that appears an acceptance by Juliann Kittelson, dated December 9, 1971. Exhibit 4 is referred to as a Xerox copy of Exhibit 3; however, while in some respects it does appear as such, in others it does not. In any event, the parties intended to correct the description, but again the same description as appears in Exhibit 3 was used, and thus only one of the two parcels agreed to be sold was described.

The trust officer testified that he explained the agreement to Mrs. Kittelson when he went to see her, and she signed the acceptance. Thereafter, abstracts were obtained and the titles examined by attorneys for the Brandons. As there were mortgages on the properties assumed by the buyers, the abstracts were returned to the lienholder. The two title opinions of the attorneys for the Brandons showed title to No. 956, the property on the east side of Blaine Avenue, in Mrs. Kittelson and title to No. 953, the property on the west side of Blaine Avenue, in Richard D. Kittelson. The trust officer testified he was familiar with the descriptions involved, though apparently not familiar enough as he used the tax records in his possession to draw the two contracts. The assessed valuation of No. 953 being some $2,500 more than that of No. 956 would indicate there was more land in No. 953 than in No. 956. This is a fact. The deed to No. 956 added only a 12-foot strip to the north side, sometimes referred to as being used as a street, while the added unplatted land in the deed to No. 953 included the land up to the north boundary of Tract 2, a much larger tract.

About a month after the contracts were signed, Mrs. Kittelson signed two deeds to the property involved in this action—one to Mr. Brandon and the other to his wife. There-

after, some difficulty arose resulting in a claim of damages against the Bank because surface water was flowing over the Brandon property from other property the Bank was managing. This caused an investigation of the properties, and a year later this suit was commenced.

The trial court found:

"The property sold to the defendants is described as (that set out in the two deeds)   *   *   *.

"That there was no fraud or mutual mistake of the parties or a mistake of one party which the other at the time knew or suspected in preparing and executing the EARNEST MONEY AGREEMENT, the Warranty Deeds, and accepting and retaining the purchase price for said lots."

RCP 52(a), now SDCL 15-6-52(a), provides in part:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

■ By now it must be clear that this court is committed to following the tenor of that rule which was first before this court in In re Estate of Hobelsberger, 1970, 85 S.D. 282, 181 N.W.2d 455, and has since been cited in several opinions. See State Highway Commission v. Foye, 1973, 87 S.D. 206, 205 N.W.2d 100; City of Sioux Falls v. Naused, 1974, 88 S.D. 303, 218 N.W.2d 536.

■ The trial court further found that during the course of the negotiations there was no discussion of dimensions or boundary lines, nor did plaintiffs at any time show or point out any such boundaries as they now claim. Only the purchase price was discussed and agreed upon. The trial court concluded that the deeds carried out the intention of the parties. SDCL 21-11-1 provides that when through mutual mistake a written contract does not truly express the intention of the parties it may be revised on application of a party aggrieved so as to express that intention. A plaintiff seeking reformation must prove his cause of

action by clear, unequivocal and convincing evidence. A mere preponderance of the evidence is insufficient. Craig v. National Farmers Union Automobile & Casualty Co., 76 S.D. 349, 78 N.W.2d 464; Brooks, Inc. v. Brooks, 86 S.D. 676, 201 N.W.2d 128.

■ Mrs. Kittelson's agent was experienced in property management and had knowledge of land titles. In this transaction the Bank prepared all the instruments, culminating in the two deeds she signed. It had in its possession records pertaining to her property, and if it needed other information knew the sources where it was available. The Bank procured a rough sketch of the area from an abstractor. Title to one parcel was in Richard D. Kittelson. It was necessary to obtain a deed to that parcel from him to Mrs. Kittelson. No question was raised by her until this action was commenced. It is significant that she did not appear at the trial, and so did not testify there or by deposition that she did not understand the deed she received from Richard or that the deeds she signed were executed by mistake.

Without further detailing the evidence, and applying the required standard of proof, it cannot be said that the findings were clearly erroneous.

■ Plaintiffs made a motion to reopen the trial after they had rested. The first hearing on this bifurcated trial at which only three witnesses testified was on July 18, 1973, and the second on August 6, 1973. Justice Doyle and the author of this opinion believe the ruling on this motion was discretionary, and the court did not err in denying it, and, therefore, the judgment should be affirmed. Myron v. Coil, 82 S.D. 180, 143 N.W.2d 738, and F. M. Slagle & Co. v. Bushnell, 70 S.D. 250, 16 N.W.2d 914, 156 A.L.R. 1070. However, a majority of the court is of the opinion that the trial court should have granted plaintiff Juliann Kittelson's motion to reopen the action for the purpose of calling her as a witness. In accord therewith, the judgment as to plaintiff Juliann Kittelson is reversed with instructions to grant her motion to reopen the action as to her. The judgment as to plaintiff Northwestern National Bank of Sioux Falls is affirmed.

The Justices concur in the opinion as above indicated.