Kent NASE, as Parent and Natural
Guardian of Eric Nase, a Minor,
Plaintiff and Appellant,

v.

Linda J. CHRISTENSEN and Pamela
Jean Peterson, Defendants,

and

Linda J. CHRISTENSEN, Defendant
and Third-Party Plaintiff,

v.

Pamela Jean PETERSON,
Third-Party Defendant.

No. 15397.

Supreme Court of South Dakota.

Considered on Briefs Feb. 18, 1987.

Decided July 15, 1987.

Robert J. Burns, Sioux Falls, for plaintiff and appellant.

Carleton R. Hoy of Davenport, Evans, Hurwitz and Smith, Sioux Falls, for defendant Peterson.

William D. Kunstle of Moore, Rasmussen, Kading and McGreevy, Sioux Falls, for defendant Christensen.

MILLER, Justice (on reassignment).

On February 7, 1985, within the City of Mitchell, South Dakota, nine-year-old Eric Nase (Eric) was injured as the result of being struck by an automobile driven by defendant Linda Christensen (Christensen) after Eric had exited a vehicle operated by defendant Pamela Peterson (Peterson). Eric's father, as parent and guardian, sued both Christensen and Peterson, alleging that their negligence was the proximate cause of Eric's injuries. The jury returned a verdict for both defendants and this appeal followed. We affirm.

The central issue raised on appeal is whether a new trial should be ordered because of the trial court's refusal to instruct the jury on a municipal ordinance. During the settlement of jury instructions, counsel for Christensen proposed Instruction No. 10, which recited a municipal ordinance dealing with stopping on a roadway, indicating that it set the standard of care and that a violation of the ordinance was negligence. When the trial court refused to give the proposed instruction, Christensen's counsel specifically objected on the record to the court's ruling.

Although appellant did present seven proposed jury instructions, he did not offer the substance of Proposed Instruction No.

10 in writing, nor did he propose it verbally. Appellant claims that he did join Christensen in the proposed instruction by virtue of his comments. He further claims the trial court was notified of his objection to the court's failure to give Instruction No. 10, although appellant, in his brief, specifically admitted he did not speak the words "I object." Appellant now argues that the trial court abused its discretion in refusing to give the instruction.

█ We need not address the procedural claims of appellant because, as a matter of law, the trial court was not permitted to instruct on the ordinance because (1) the ordinance was not in evidence, and (2) the trial court could not have taken judicial notice of it.

Absent statutory authorization, courts of general jurisdiction, such as our circuit courts, may not take judicial notice of municipal ordinances. *Keyes v. Amundson*, 391 N.W.2d 602 (N.D.1986)[1] (citing *Concrete Contractors, Inc. v. City of Arvada*, 621 P.2d 320 (Colo.1981), *on remand* 628 P.2d 170 (Colo.App.1981); *Hood v. Mayor and Alderman of City of Savannah*, 247 Ga. 524, 277 S.E.2d 54 (1981); *City of Cedar Rapids v. Cach*, 299 N.W.2d 656 (Iowa 1980); *General Motors Corporation v. Fair Employment Practices Division of Council and Human Relations of St. Louis*, 574 S.W.2d 394 (Mo.1978); *Pelican Production Corporation v. Mize*, 573 P.2d 703 (Okla.1977); 9 J. Wigmore, Evidence § 2572 (Chadbourn rev. 1981); 1 S. Gard, Jones on Evidence § 2:27 (1972).[2] *See also Anderson v. Adamson*, 79 S.D. 429, 112 N.W.2d 612 (1962). *An ordinance therefore must be introduced into evidence and be made part of the record. E.g., Keyes, supra.*

Of course, under SDCL ch. 19–10 of our rules of evidence, judicial notice is proper in certain instances. However, this chapter governs only judicial notice of matters which qualify as "adjudicative *facts.*" SDCL 19–10–1 (emphasis added). This statute tracks the language of Federal

Rule of Evidence 201(a) virtually verbatim. Subdivision (a) of the advisory committee's note to Rule 201 makes it clear that the rule does not apply to, nor authorize, judicial notice of statutes or ordinances. *See also* Annot., 35 A.L.R. Fed. 440 (1977); C. Wright & K. Graham, Federal Practice and Procedure § 5103 (1977). There is no authority allowing a circuit court to take judicial notice of an ordinance. An ordinance therefore must be admitted into evidence prior to instructing the jury on its language. Perhaps for this reason our legislature has enacted a provision simplifying their admission. Under SDCL 9–19–18, an original of an ordinance, "the record or a certified copy thereof, or any compilation or revision" of the provision may be placed into evidence "without further proof."

█ The rule that a court may not take judicial notice of a municipal ordinance, of course, does not restrict our courts from taking judicial notice of our state statutes, nor does it restrict magistrate court or circuit courts acting as criminal/traffic courts from taking judicial notice of ordinances of municipalities located within their territorial boundaries. *See Anderson, supra; McDonnel v. Lakings*, 78 S.D. 195, 99 N.W.2d 799 (1959); *City of Milbank v. Cronlokken*, 29 S.D. 46, 135 N.W. 711 (1912); 1 S. Gard, Jones on Evidence § 2:27 (1972).

This ruling renders appellant's second issue moot.

Affirmed.

MORGAN and HENDERSON, JJ., ANDERSON and HURD, Circuit Judges, concur.

ANDERSON, Circuit Judge, sitting for WUEST, C.J., disqualified.

HURD, Circuit Judge, sitting for SABERS, J., disqualified.

---

**1.** North Dakota rule of evidence 201, which deals with judicial notice, is virtually verbatim to SDCL ch. 19–10.

**2.** This treatise recognizes an exception to the rule when judicial notice of an ordinance is necessary to prevent injustice.