**ROSEN'S INC., Plaintiff and Appellant,**

v.

**Thomas JUHNKE and Kerry Juhnke, d/b/a Juhnke Feed and Chemical, a Partnership, Defendants and Appellees.**

No. 18305.

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1993.

Decided March 16, 1994.

John P. Blackburn of Blackburn and Stevens, Yankton, for plaintiff and appellant.

John Harmelink of Harmelink and Fox, Yankton, for defendants and appellees.

AMUNDSON, Justice.

Rosen's Inc. appeals a decision of the trial court for Thomas Juhnke and Kerry Juhnke, doing business as Juhnke Feed & Chemical, Inc., on Rosen's claim for a past-due open account. We reverse and remand.

## FACTS

In 1991, Rosen's Inc. (Rosen's) sold Thomas and Kerry Juhnke (Juhnkes) $296,000 worth of goods and supplies. Prior to that time, Juhnkes had an established account with Rosen's. Juhnkes had been making payments on account to Rosen's and, on

many occasions, products were returned to Rosen's for credit against their account. In June 1992, Rosen's filed suit against Juhnkes for their past-due account, seeking $80,052.29 plus $13,147.89 accrued interest. The interest is calculated in accordance with a credit agreement signed by Thomas Juhnke. This agreement stated the credit terms and included provisions under which Juhnke agreed to pay attorney fees and other costs incurred in collection of the past-due account. Juhnkes answered the complaint by denying that they received $80,052.28 of goods from Rosen's.

At a court trial, Rosen's called Duane Simons (Simons), the territorial manager, to testify about the Juhnke account. Simons testified as to the amount owed as shown by business records admitted at trial. Juhnkes cross-examined Simons on the statements of their account.[1] Rosen's rested after calling Simons. Juhnkes then rested without calling any witnesses.

After both parties rested, the trial court stated: "I think in all truth, the defense owes some money but I can't determine what.... (discussion omitted) I'm thoroughly convinced that [Juhnkes] owe some money. They've admitted owing some money, but that is not an accounting."[2] Nevertheless, the court ruled in favor of Juhnkes because the trial court was unable to determine what amount, if any, was owed by Juhnkes. Rosen's then orally moved to reopen the case to introduce any evidence the court needed to assist it in determining the unpaid balance. The trial court denied this request.

In its conclusions of law, the trial court stated that Rosen's had the ability to produce records necessary to support its claim but failed to do so and this failure required the court to find for Juhnkes. Thereafter, Rosen's made a written motion to the court for reconsideration and/or a new trial. The trial court did not rule on these motions so they were denied pursuant to SDCL 15–6–59(b).

## ISSUES

1. Did the trial court err by requiring Rosen's to prove the exact amount owed by Juhnkes?
2. Did Rosen's present sufficient evidence to establish a prima facie case?
3. Was it an abuse of discretion for the trial court to deny the motions for reconsideration and new trial?

## DECISION

The issues raised will not be addressed individually because they are interwoven and must be considered together.

■ "The reopening of a case to receive additional evidence is a matter within the trial court's discretion and will not be disturbed on appeal except for an abuse of discretion, such as where it clearly appears that reopening the case is necessary to the due administration of justice." 75 Am.Jur.2d *Trial* § 379 (1991). The test used by this court in reviewing a trial court's discretion to reopen a case is " 'whether we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion.' " *Myron v. Coil,* 82 S.D. 180, 185, 143 N.W.2d 738, 740 (1966) (quoting *Slagle & Co. v. Bushnell,* 70 S.D. 250, 254, 16 N.W.2d 914, 916 (1944)).

---

1. An example of this cross-examination is as follows:

 [Juhnke's attorney]: I'm holding in my hand copies, and I have the originals right next to me, copies of checks made out by Juhnke Feed and Chemical in July of 1991 for almost $130,000, and you don't have a copy of any payments?

 [Simons]: There is no question that that money was paid. I might add that this customer paid over 80 percent of his bill this particular year of 1991. I don't have—I have some of it here. It's somewhat sketchy, but I do not have the correct statement or the aging, if you would. I don't have the correct paper-

work to show that. This customer purchased $296,000 from us in this calendar year of which only approximately 80,000 is in question.

 We are unable to determine whether these checks were for payment of the claim in this case because Juhnkes never offered them into evidence for the witness, Simons, to review or explain.

2. The trial court did not define what evidence would be needed for an acceptable accounting under South Dakota law, nor can this court discern what standard the trial court used in concluding this was not a proper accounting.

■ This action was brought to collect $80,052.29 plus finance charges on a past-due "open account." SDCL 54-1-6. In their answer to the complaint, Juhnkes denied receiving $80,052.29 worth of goods.

During opening statements, Juhnkes' attorney stated that "Tom Juhnke, on behalf of Juhnke Feed and Chemical, does not deny that he owes some, *if not the majority of the invoices.*"[3] "A judicial admission is a formal act of a party or his attorney in court, dispensing with proof of the fact claimed to be true, and is used as a substitute for legal evidence at the trial." *Harmon v. Christy Lumber, Inc.*, 402 N.W.2d 690, 692–93 (S.D. 1987) (citations omitted). "[A]n attorney can make an admission during opening statement that is binding upon his client and relieves the opposing party of the duty to present evidence on that issue." *Lystarczyk v. Smits*, 435 N.E.2d 1011, 1014 (Ind.App.1982) (collecting cases). This statement constitutes a judicial admission of debt.

At trial, Rosen's introduced a credit application signed by Thomas Juhnke and a terms disclosure statement outlining the contract between Rosen's and Juhnkes. Rosen's territorial manager, Simons, testified that goods had been delivered to Juhnkes. Simons also identified invoices created by these deliveries in the regular course of business. He also identified a statement of the account which showed the balance claimed by Rosen's. "Proof of the instrument of indebtedness in the hands of the party seeking payment creates a presumption of indebtedness and places the burden of proving payment on the party seeking to rely on payment." *Frank Stinson Chevrolet, Inc. v. Connelly,* 356 N.W.2d 480, 482–83 (S.D.1984).

The only defense offered by Juhnkes was that the account statement contained errors as to credits given, although no specific error was conclusively established. During Juhnkes' cross-examination, Simons was asked whether Juhnkes had properly received credit for certain items returned to Rosen's. Simons was unable to locate where

all credits were reflected on the statement and admitted that Juhnkes had paid the majority of their bills as indicated by the unpaid balance.

After Rosen's concluded their case, Juhnkes rested without calling any witnesses. In closing arguments, Juhnkes argued that Rosen's had not fulfilled their burden of proof. The trial court agreed and ruled for Juhnkes. In other words, the trial court held that Rosen's had not made a prima facie case.

"When a party having the burden of proof establishes a prima facie case, he will prevail, in the absence of proof to the contrary offered on the part of his opponent." 30 Am. Jur.2d *Evidence* § 1165 (1967). This court has recognized the following test to determine whether a prima facie case has been established: "Are the facts in evidence which if unanswered would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain?" *Northwest Realty Company v. Perez,* 81 S.D. 500, 505, 137 N.W.2d 345, 348 (1965) (citing 9 Wigmore, Evidence, (3rd Ed.) § 2494). Although the evidence in this case was not a model of clarity, Rosen's has met its burden of establishing a prima facie case.

Undoubtedly, determining the amount owed was a difficult decision for the trial court, but this does not entitle Juhnkes to be totally relieved of all debt. The amount due is a question of fact for the trial court to decide.

Reviewing the facts of this case leads this court to conclude that it was an abuse of discretion for the trial court not to reopen the case. "The trial court has a wide discretion in passing on a motion to reopen, and such discretion is to be liberally exercised in behalf of allowing the whole case to be presented, for the best advancement of the ends of justice." 88 C.J.S. *Trial* § 104 (1955).

In its findings and conclusions, the trial court writes: "Based on all of the evidence

---

3. "A debtor who objects only to one of several items impliedly admits the correctness of the others." 1 C.J.S. *Account, Action On,* § 31 (1985). On cross-examination Juhnkes' questioned approximately four of at least twenty different transactions listed on the account statement. It appears as though the trial court could have deducted the challenged portions of the claim from Rosen's total claim and awarded the remaining unchallenged balance.

received herein, the court concludes that [Juhnkes] may owe [Rosen's] some money on open account. However, there is not sufficient evidence before the court to determine the amount, if any, that may be owed." It then held for Juhnkes, consequently absolving them of any possible debt to Rosen's. This is not a fair and complete adjudication. Admission of more evidence was necessary for a proper and just disposition. 88 C.J.S. *Trial* § 108 (1955).

The combination of Rosen's prima facie showing, Juhnkes' judicial admission, and the trial court's acknowledgement of Juhnkes' debt supports this court's conclusion that justice requires this case to be reopened. Therefore, this case is reversed and remanded for reconsideration in accordance with this opinion.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., concur.