Erma K. HRACHOVEC, Plaintiff
and Appellee,

v.

Darrell KAARUP and Carol Kaarup,
Defendants and Appellants.

No. 18082.

Supreme Court of South Dakota.

Considered on briefs Oct. 4, 1993.

Decided May 18, 1994.

Rehearing Denied June 17, 1994.

Todd D. Hauge of Bakewell, Hauge & Vander Heide, Custer, for plaintiff and appellee.

David P. Russell of Russell and Russell, Edgemont, for defendant and appellant.

LEE D. ANDERSON, Circuit Court Judge.

Following an extended history of litigation, the trial court dismissed Darrell and Carol Kaarup's (hereinafter collectively referred to as Kaarups) motion to set aside a previous judgment of rescission. They appeal. We affirm.

## STATEMENT OF FACTS

Erma Hrachovec (Hrachovec) is the long-time owner of a motel known as the Evans Heights Motel and Lodge in Hot Springs, South Dakota. On March 17, 1986, Hrachovec sold the motel to Ed and Dorothy Jones (Jones) on a contract for deed, but Dorothy Jones had difficulty making the payments after her husband's death. Jones then offered the property for sale and on June 25, 1990 she entered into a purchase agreement (Jones Agreement) with Kaarups. In order to facilitate the sale, Jones agreed to quit claim her interest in the property to Hrachovec, who still retained legal title. The next day, June 26, 1990, Hrachovec entered into a purchase agreement (Hrachovec Agreement) with Kaarups, which incorporated the purchase price and terms of the Jones Agreement.

Under the Hrachovec Agreement Kaarups took possession of the motel premises on July 1, 1990 and accepted the property "as is." Kaarups paid $1,000 as earnest money into an escrow account held jointly with Hrachovec. The Hrachovec Agreement stipulated that the parties would mutually agree upon the allocation of the purchase price on or before the date of closing, which was to be September 14, 1990. Later the closing date was extended to October 10, 1990 by agreement of the parties.

Kaarups were unable to tender performance at the time of the October 10th closing date, but remained in possession of the property. Also, by the closing date a dispute had developed over the allocation of the purchase price. Hrachovec commenced a civil action against Kaarups for rescission of the contract. Kaarups filed an answer and counterclaim, asserting that Hrachovec had induced them to purchase the property by fraud and material misrepresentation.

On April 24, 1991, the trial court granted summary judgment to Hrachovec, ordering rescission of the contract and granting Hrachovec possession of the premises. Thereafter, the trial court held a hearing to equitably adjust the parties' interests. Subsequently, on September 11, 1991, the court entered judgment against Kaarups and in favor of Hrachovec in the sum of $28,201.76. No appeal was taken in a timely manner from the judgment of the trial court.

Seven months later, Kaarups moved to set aside the judgment of rescission. After reviewing the motion, pleadings, and the voluminous exhibits of evidence, the trial court issued its memorandum decision, findings of fact and conclusions of law, and an order denying Kaarup's motion.

## DECISION

■ The authority for a motion to set aside a judgment or order arises under SDCL 15–6–60(b).[1] This court has stated that a Rule 60(b) motion is equitable in nature, where a party seeks extraordinary re-

---

1. The pertinent parts of SDCL 15–6–60(b) are:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) Mistake, inadvertence, surprise, or excusable neglect;
   (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § 15–6–59(b);

   (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

   \*　\*　\*　\*　\*　\*

   (6) Any other reason justifying relief from the operation of the judgment.
   The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken....

lief. *Tri–State Refining v. Appaloosa Co.*, 452 N.W.2d 104 (S.D.1990). Extraordinary relief under SDCL 15–6–60(b) is granted only upon a showing of exceptional circumstances. *Haggar v. Olfert*, 387 N.W.2d 45 (S.D.1986).

■ The purpose of Rule 60(b) is "to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts." *Peterson v. La Croix,.* 420 N.W.2d 18, 19 (S.D.1988), (citing *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir.1984)). The decision to grant or deny a Rule 60(b) motion rests within the sound discretion of the trial court and will not be disturbed on appeal except for abuse. *Gold Pan Partners, Inc. v. Madsen*, 469 N.W.2d 387 (S.D.1991); *Tingle v. Parkston Grain Co.*, 442 N.W.2d 252 (S.D. 1989); *Clarke v. Clarke*, 423 N.W.2d 818 (S.D.1988); *Haggar*, 387 N.W.2d at 51; *Peterson*, 420 N.W.2d at 19; *Matter of T.M.B.*, 416 N.W.2d 260 (S.D.1987).

"The term 'abuse of discretion' refers to 'a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.' " *Herndon v. Herndon*, 305 N.W.2d 917, 918 (S.D.1981). The test when reviewing matters involving judicial discretion is " 'whether we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached the conclusion.' " *Dacy v. Gors*, 471 N.W.2d 576 (S.D. 1991), (citing *Myron v. Coil*, 82 S.D. 180, 185, 143 N.W.2d 738, 740 (1966)).

Kaarups' contentions arise primarily out of the condition of the sewer system on the property at the time they signed the purchase agreements. The Hrachovec Agreement provided that the property be purchased "as is" with no specific mention of the sewer system. The motel had operated for many years without being tied into the Hot Springs public sewer system. The motel property had always utilized cesspools, which were nothing more than earthen pits. By the time of the closing date, sewage was seeping onto the motel property and surrounding land.[2]

■ First, Kaarups claim relief under Rule 60(b)(1), alleging the court "misapprehended" the facts. A party seeking relief from a final judgment under Rule 60(b)(1) must not only show mistake, inadvertence, surprise or excusable neglect, but a party must also show it had a probable meritorious defense. SDCL 15–6–60(b)(1) (1984); *Peterson v. La Croix*, 420 N.W.2d at 19. The party seeking relief "must present facts either by answer or affidavit from which it could be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief." *Eby v. Misar*, 345 N.W.2d 381, 383 (S.D.1984). *See Pettigrew v. City of Sioux Falls*, 5 S.D. 646, 60 N.W. 27 (1894); *Peterson*, 420 N.W.2d at 19.

■ Kaarups had sufficient opportunity to inspect the premises and examine public records regarding the property prior to entering into the Hrachovec Agreement. Kaarups agreed to accept the property in its "as is" condition. The record also reflects that Kaarups took possession and operated the motel for a substantial portion of the tourist season, knew raw sewage leaked from the location of the cesspools and heard motel guests' complaints regarding sewer smells. The trial court found that Kaarups pursued the purchase of the motel through the closing date despite some knowledge of the sewer problem, but were unable to tender performance on the closing date. This failure of performance formed the basis for the summary judgment.

Prior to entering judgment in 1992, the trial court considered the evidence and arguments of the parties, undertook an inspection of the premises, reviewed the photographs, and made specific findings of fact and conclusions of law. The court concluded there was no mistake, inadvertence, surprise or excusable neglect which would warrant setting aside the judgment under Rule 60(b)(1). The court did not abuse its discretion in this regard.

---

2. City officials have subsequently refused to allow the motel to open for business unless the cesspools are replaced with a public sewer tank system or other appropriate sewer system.

■ Next, Kaarups seek relief from judgment on the basis of newly discovered evidence under SDCL 60(b)(2). Kaarups claim public documents and witnesses were discovered after the equitable adjustment hearing which could have shown that Hrachovec concealed from Kaarups the nature of the motel sewer system.

In order to receive relief from a judgment under Rule 60(b)(2), a party is required to establish all of the following:

"(1) the evidence was discovered after trial; (2) [the moving party] exercised due diligence to obtain the evidence for trial; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; *and* (5) the evidence is such that a new trial would probably produce a new verdict."

*Haggar,* 387 N.W.2d at 51 (emphasis added). Thus, the failure to prevail on any one of these elements defeats a party's ability to obtain relief under Rule 60(b)(2).

It is clear from the trial court's letter decision, dated July 9, 1992, on Kaarups' motion to set aside rescission of the purchase agreement that additional evidence concerning the sewer system would not have affected the decision of the court, because that decision was based on Kaarups' failure to tender performance. The trial court did not abuse its discretion in denying the motion under Rule 60(b)(2).

Next, Kaarups contend they are entitled to relief on the basis of fraud under SDCL 60(b)(3). A party seeking to have a judgment set aside under Rule 60(b)(3) on a claim of fraud, misrepresentation, or other misconduct of the adverse party must show that type of fraud that "defile[s] the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial tasks...." *Williams Services v. Sherman,* 492 N.W.2d 122, 126 (S.D.1992). This court stated further,

In order to set aside a judgment because of fraud upon the court under Rule 60(b),

it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision. Courts have found fraud upon the court only where there has been the most egregious conduct involving a corruption of the judicial process itself.

*Id.*

Kaarups argue that Hrachovec and her counsel defrauded the trial court by failing to answer interrogatories which would have revealed evidence supporting Kaarup's case theory. However, a review of the record fails to support this contention.

■ Kaarups also contend that Hrachovec committed perjury and her counsel suborned that perjury when they knew that representations about the sewer system were false. The credibility of witnesses, the weight to be accorded their testimony, and the weight of evidence is for the trial court; we are not at liberty to change findings where the trial court has resolved conflicts in the evidence. *Insurance Agents, Inc. v. Zimmerman,* 381 N.W.2d 218, 219 (S.D.1986) (citations deleted). The trial court considered the credibility of the parties and specifically found that Darrell Kaarup was not credible. The court found that Hrachovec believed she was entitled to operate the motel with the cesspools rather than a septic tank system. The trial court found no evidence of fraud or misconduct by Hrachovec. We find no abuse of discretion by the trial court in denying Kaarups' motion under Rule 60(b)(3).

■ Finally, Kaarups claim the trial court abused its discretion by denying relief in the interest of justice under Rule 60(b)(6). In *Wegner v. Wegner,* 391 N.W.2d 690, 693 (S.D. 1986) this court stated the broad language of Rule 60(b)(6) gives courts ample power and a mechanism to vacate a judgment, "[i]f it is unjust that a judgment be enforced."

The law and the circumstances of this case reasonably support the conclusion of the trial court. Kaarups have made no showing of exceptional circumstances which would justify the trial court's grant of extraordinary relief under Rule 60(b)(6). Therefore, we conclude the trial court's denial of relief under Rule 60(b)(6) was not an abuse of its discretion.

The order appealed from is affirmed.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., concur.

ANDERSON, LEE, Circuit Judge, for AMUNDSON, J., disqualified.