Sharon A. **ALBERS**, Plaintiff and Appellant,

v.

Myron **KUPER** and Ruth Kuper, Defendants and Appellees.

No. 18166.

Supreme Court of South Dakota.

Submitted on Briefs on Nov. 30, 1993.

Decided June 29, 1994.

David M. Buechler, Parker, and Robert A. Christenson of Christenson, Wilka, Haugen & Kirby Sioux Falls, for appellant.

Michael J. Schaffer of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellees.

AMUNDSON, Justice.

Sharon Albers appeals from a verdict and judgment for Myron and Ruth Kuper on Albers' claim for injuries from a dog/bicycle accident. We reverse and remand.

## FACTS

At approximately 9:00 p.m. on August 23, 1989, Myron and Ruth Kuper (Kupers) sat on the back step of their house enjoying the evening. Their cocker spaniel, Toots, was in the backyard with them.

As darkness approached, Sharon Albers (Albers), Kupers' next door neighbor, was returning from a bicycle ride. As she passed in front of Kupers' house, Toots ran out on the sidewalk. Toots and the bicycle collided, causing Albers to fall and fracture her wrist.

The cause of the accident is disputed. Albers claims that the dog struck her front wheel. While Kupers contend that immedi-ately after the accident Albers admitted hit-ting the dog.

Albers brought this action, alleging that Kupers had negligently allowed their dog to wander on a public sidewalk with knowledge that the dog had a propensity to chase indi-viduals. The trial court scheduled a two-day jury trial for this matter. A jury rendered a verdict for Kupers. Albers appeals.

## ISSUES

1. Did the trial court abuse its discretion by not reopening the case introduction of a Lennox city ordinance prohibiting dogs from running at large?

2. Did the trial court err by refusing Albers' proposed jury instructions?

3. Did the trial court err by instructing the jury that neither party violated an ordinance?

4. Did the trial court err by allowing testimony regarding Albers' dog?

## DISCUSSION

Our decision on the first issue eliminates the need to address the other issues raised on appeal.

## ISSUE 1

Did the trial court abuse its discretion by not reopening the case for introduction of a Lennox city ordinance prohibiting dogs from running at large?

On the first day of trial, all testimony was completed and the parties rested. During the settling of jury instructions early the next day, the trial court proposed the follow-ing instruction:

### Instruction No. 12

At the time of this accident, neither party was shown to have violated any ordinance or statute relating to the riding of a bicycle or the restraint of a dog. This, however, does not mean that either party was free of negligence as defined in these instruc-tions.

Lennox City Ordinance 5.0301 prohibited ani-mals running at large, however, the ordi-nance had not been offered into evidence.

After reviewing instruction No. 12, Albers asked the court to reopen the case to introduce a certified copy of the ordinance because it had not been offered into evidence. The court refused to reopen because it would cause delay and there was no evidence in the record to justify giving the instruction. Albers contends that the trial court abused its discretion by denying her request to reopen the case in view of the court's sua sponte insertion of the violation of ordinance issue into its instruction.

■ The decision to reopen a case after the parties have rested is a matter within the sound discretion of the trial court. *Myron v. Coil*, 82 S.D. 180, 143 N.W.2d 738 (1966). "The trial court has a wide discretion in passing on a motion to reopen, and such discretion is to be liberally exercised in behalf of allowing the whole case to be presented, for the best advancement of the ends of justice." *Rosen's Inc. v. Juhnke*, 513 N.W.2d 575, 577 (S.D.1994) (quoting 88 C.J.S. *Trial* § 104 (1955)).

■ In this case, the trial court refused to reopen the case on the morning of the second day of a two-day trial. All testimony had been completed and closing arguments were all that remained. When this request to reopen was presented, the trial was ahead of schedule. This ordinance had now become a material part of Albers' case in light of instruction No. 12. The trial court should have reopened the case to allow the ordinance to be introduced into evidence. Submitting a certified copy of a city ordinance is a relatively simple task which would not have caused great delay in submitting the case to the fact-finder. *See Northwestern Nat'l Bank of Sioux Falls v. Brandon*, 88 S.D. 453, 221 N.W.2d 12 (1974).

■ There was sufficient conflict in the evidence that the jury could have found Toots to be running at large, in violation of the ordinance. Whether the ordinance was violated presents a question for the jury in deciding a negligence issue. *See Stevens v. Wood Sawmill, Inc.*, 426 N.W.2d 13 (S.D. 1988).

The facts of this case show an abuse of discretion by the trial court in denying the motion to reopen this case. "Admission of more evidence was necessary for a proper and just disposition." *Rosen's*, 513 N.W.2d at 578 (citing 88 C.J.S. *Trial* § 108 (1955)).

This case is reversed and remanded for a new trial.

MILLER, C.J., and HENDERSON, J., concur.

WUEST, J., concurs specially.

SABERS, J., concurs in part and concurs specially in part.

WUEST, Justice (concurring specially).

In spite of the statutory authority of SDCL ch. 19–10, which statutes have allowed judicial notice in a wide range of circumstances, this court has held that, "There is no authority allowing a circuit court to take judicial notice of an ordinance. An ordinance therefore must be admitted into evidence prior to instructing the jury on its language." *Nase v. Christensen*, 409 N.W.2d 131, 132 (S.D.1987).* However, the court in *Nase*

---

* This is an exception to the general rule on judicial notice, as stated in *Nauman v. Nauman*, 336 N.W.2d 662 (S.D.1983), wherein this court cited SDCL 19–10–2(3) and 19–10–3 for the proposition that, "[E]ven though it be a fact of which the court does not possess actual present knowledge, judicial notice may be taken of *public or official records.*" *Nauman*, 336 N.W.2d at 664 (citation omitted) (emphasis added) (holding that judicial notice can be taken of a marriage license). Certainly, a municipal ordinance is a "public or official" record. Other examples of judicial notice include, *e.g., Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D.1985) (noting that the circuit court, "properly took judicial notice of the fact that a health hazard arises when garbage is not properly collected and disposed of"); *Walz v.*

*City of Hudson*, 327 N.W.2d 120, 122 n. 3 (S.D. 1982) (taking judicial notice of a Memorandum of the South Dakota Department of Public Safety citing statistics on alcohol-related traffic fatalities); *State v. Larson*, 81 S.D. 540, 547, 138 N.W.2d 1, 5–6 (1965) (stating that judicial notice may be taken of "public or official records of general public interest"); *Elfring v. Paterson*, 66 S.D. 458, 464, 285 N.W. 443, 446 (1939) (taking judicial notice of legislative journals); *Home Owners' Loan Corp. v. Oleson*, 68 S.D. 435, 438–39, 3 N.W.2d 880, 881 (1942) (taking judicial notice of the existence and content of reports of the South Dakota Department of Agriculture and the Superintendent of Banks). The rationale for the rule that judicial notice may not be taken of

also suggested that, "Perhaps for this reason our legislature has enacted a provision simplifying their admission." *Nase*, 409 N.W.2d at 132 (citing SDCL 9–19–18). SDCL 9–19–18 provides:

An original ordinance or resolution, the record or a *certified copy* thereof, or any compilation or revision of ordinances purporting to be printed under the authority of the municipality are admissible in evidence without further proof.

*Id.* (emphasis added).

Thus, under this statute, calling of the "custodian" of a city ordinance as a witness would be unnecessary. In the present case, plaintiff Albers produced a certified copy of the ordinance on dogs "running at large" in the City of Lennox. This could easily have been placed into evidence; however, Judge Bogue refused to reopen so that this could be accomplished. His rationale was that this would cause delay, and also that there was no evidence on the record to show that the Kuper's dog was running at large. The "delay" rationale is without merit, as the record shows that the proceedings were well ahead of schedule. *See Northwestern Nat'l Bank of Sioux Falls v. Brandon*, 88 S.D. 453, 459, 221 N.W.2d 12, 16 (1974) (holding that the trial court erred in refusing to grant plaintiff's motion to reopen to allow additional testimony). Thus, the refusal to reopen to permit the introduction into evidence of the certified copy of the city ordinance was an abuse of discretion. Further, there appears to have been sufficient evidence in the record that a jury could have concluded that the Kuper's dog was running at large, in violation of the ordinance. Whether there was a violation of the ordinance was a question for

the jury, which would have had obvious bearing on the negligence question. *See Stevens v. Wood Sawmill, Inc.*, 426 N.W.2d 13, 14 (S.D.1988); *Lovell v. Oahe Elec. Coop.*, 382 N.W.2d 396, 397–98 (S.D.1986).

Finally, whether Albers owned a dog had no bearing on the issues presented at this trial. Albers properly objected to this line of questioning; however, the court made clear that it would allow such testimony. This was improper, and prejudicial to Albers' case. Such testimony should not be permitted on remand.

SABERS, Justice (concurring in part and concurring specially in part).

I join the majority opinion and vote to reverse and remand for a new trial.

The trial court also erred when, on its own, it instructed the jury that:

At the time of this accident neither party was shown to have violated any ordinance or statute relating to the riding of a bicycle or the restraint of a dog. . . .

This instruction was not neutral when one considers that Defendants were the only parties being sued for their conduct. This was an improper comment on the evidence in view of the court's refusal to reopen to admit the Lennox city ordinance prohibiting dogs from running at large. This instruction is damaging to Plaintiff because it absolves Defendants from the violation of any *city ordinance*. This instruction not only absolves Defendants from violating any city ordinance relating to the restraint of a dog, but it also absolves Defendants from violating any *statute* relating to the restraint of a dog. In other words, at this point in the trial, Defen-

---

municipal ordinances at the *appellate* level appears to have been stated in *McDonnel v. Lakings*, 78 S.D. 195, 201, 99 N.W.2d 799, 802 (1960) wherein it was noted that, " 'This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment, or repeal. A party relying upon such matters must . . . in some manner present them as a part of the record.' " *Id.* (quoting *Steiner v. Nebraska*, 78 Neb. 147, 110 N.W. 723, 724 (1907). Members of this court have criticized the rule. *See Anderson v. Adamson*, 79 S.D. 429, 436–42, 112 N.W.2d 612, 615–18 (Hanson and Biegelmeier, J.J., dissenting). In

*Anderson*, one of the dissenters stated that, "The only plausible explanation for the existence of the above evidentiary rule is court convenience. It serves no other purpose and, as in the present action, it often results in the disposition of cases without decision on the merits. Accordingly, I believe this technical rule of procedure should be reconsidered and re-examined in light of modern authority." 79 S.D. at 438, 112 N.W.2d at 616 (Hanson, J., dissenting). The questionable justification for refusing to allow a *trial court* to take judicial notice of a municipal ordinance, which is a public or official record, should cause this court to reconsider the rule.

dants are already two-thirds of the way home free and clear and only negligence is left. Therefore, this instruction was not simply superfluous but damaging, harmful error.

In fact, this *sua sponte* jury instruction is inconsistent with itself and with the other jury instructions on negligence. As indicated above, it tells the jury that Defendants were not "shown to have violated any . . . *statute* relating to . . . the restraint of a dog." (Emphasis added.) This seems to include the statutory codification of ordinary negligence set forth in SDCL 20-9-1 which provides:

> Every person is responsible for injury to the person, property, or rights of another caused by his willful acts or caused by his want of ordinary care or skill, subject in the latter cases to the defense of contributory negligence.

In other words, while the instructions correctly told the jury to consider negligence, this instruction incorrectly told the jury that negligence relating to the restraint of a dog had already been considered and Defendants were free from statutory negligence. Therefore, this *sua sponte* instruction was inconsistent with itself and with the other jury instructions on negligence.

Finally, it was error for the trial court to permit testimony concerning the conduct of Plaintiff's dog. Whether Plaintiff owned a dog had no bearing on the issues presented at trial. This was properly objected to on grounds of relevancy on two occasions. The trial court overruled both objections. This was error.

SDCL 19-12-1 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Whether Plaintiff owned a dog and if so, the conduct of that dog, had absolutely *NO* "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19-12-1. Therefore, the evidence was irrelevant. "Ev- idence which is not relevant is not admissible." SDCL 19-12-2.