#26654-a-JKK

**2014 S.D. 32**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

BRIAN HINES and BRADLEY HINES,              Plaintiffs and Appellants,

   v.

RODNEY HINES, SUSAN HINES
ZIEGLER, MAX HINES, ESTATE OF
TEX HINES and BRENDA TJEERDSMA,              Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HYDE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE KATHLEEN F. TRANDAHL
Judge

* * * *

GEORGE H. DANFORTH
Huron, South Dakota

   and

MICHELE K. BENNETT
Huron, South Dakota                              Attorneys for plaintiffs
                                                 and appellants.


DANIEL K. BRENDTRO
WILLIAM D. SIMS of
Zimmer, Duncan & Cole, LLP
Sioux Falls, South Dakota                        Attorneys for defendants
                                                 and appellees.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 28, 2014

OPINION FILED **06/11/14**

#26654

KONENKAMP, Justice

[¶1.] In this action to reform a warranty deed, the circuit court ruled that the plaintiff did not present clear and convincing evidence that the deed failed to express the intent of the deceased grantors.

## Background

[¶2.] Joseph and C. Elaine Lingscheit had numerous landholdings in Hyde and Hand counties in South Dakota. Over the years, the Lingscheits either gifted or sold over 3,000 acres to Elaine's children, who were also Joseph's stepchildren. Of particular relevance here are two conveyances, one in 1980 and another in 2001. In 1980, the Lingscheits transferred 240 acres in fee simple to their seven children as tenants in common. The land was described as: East Half of the Southeast Quarter (E1/2 SE1/4) of Section 36, Township 111, Range 71 (80 acres), Northeast Quarter (NE1/4) of Section 1, Township 110, Range 71 (160 acres). The children in turn transferred a life estate to the Lingscheits. Then in 2001, the Lingscheits executed a warranty deed conveying in fee simple 240 acres to their son, Brian Hines. The land was described as: South Half (S1/2) of the Northeast Quarter (NE1/4) of Section 1, Township 110, Range 71 (80 acres), Southeast Quarter (SE1/4) of Section 1, Township 110, Range 71 (160 acres). Unknown to the Lingscheits or their children, the 2001 deed conveyed 80 acres that had been previously conveyed to all seven children in 1980, in which acres the Lingscheits only held a life estate interest.

[¶3.] Elaine died in 2001; Joseph died in 2005. Through the probate proceedings for both Elaine and Joseph, the Lingscheit children discovered that

-1-

their parents had twice transferred the same 80-acre tract of land in Hyde County. Also during the probate proceedings, the children learned that the Lingscheits still owned, in fee simple, a different 80-acre tract of pasture land. The children had thought their parents either conveyed or sold all their pasture land before they died. At issue in this case is the ownership of the 80-acre tract conveyed twice and the 80-acre tract never conveyed.

[¶4.]        After the mistake in the 2001 deed was discovered, Brian Hines, joined by Bradley Hines, asked the remaining five children (the Siblings) to execute a new warranty deed to Brian, which would give Brian the 80 acres owned by the Lingscheits in fee simple and remove the 80 acres that had been transferred to all seven children in 1980. The Siblings refused, asserting that Brian merely had a life estate in the 80 acres transferred by the 2001 deed and that the 80 acres owned by the Lingscheits in fee simple passed to the seven children equally. Brian and Bradley brought suit against the Siblings asking the circuit court to reform and revise the 2001 warranty deed. Brian contended that reformation was necessary because the Lingscheits intended to convey to him 240 acres of pasture land in Hyde County, and that this intent would not be accomplished unless Brian received the 80 acres owned by the Lingscheits in fee simple.

[¶5.]        Before trial, the parties submitted a statement of stipulated facts. Those facts related that the parties were presently engaged in a separate civil partition action in Hand County, involving 1,600 acres of pasture land in both Hand and Hyde counties. They agreed that ownership of the 80-acre tract in Hyde County must be decided before the civil partition action could continue. They also

agreed that the 2001 warranty deed was prepared by Attorney Galen Gillette, who "filed the deed for record, and verified the descriptions in the deed by letter dated February 16, 2006." Galen Gillette died in 2007.

[¶6.] In the bench trial, Brian called no witnesses. He relied on ten exhibits and the stipulated facts. Included in those exhibits were Galen Gillette's handwritten notes from his meeting with Elaine, Joseph, Brian and Brian's spouse related to the 2001 warranty deed. Relying on these notes as proof of the Lingscheits' intent, Brian pointed to the notation, "Want Gift 240 Acres of Hyde County Land to BRIAN HINES." The notes also included diagrams or boxes with notations, which the parties agree are not clearly discernable. Nonetheless, Brian asserted that these diagrams and notations indicated that the Lingscheits did not intend to give Brian only a life estate in the 80 acres, but instead they intended to give him 240 acres of pasture land.

[¶7.] The Siblings called Rodney Hines to testify about how the family treated the pasture land in Hyde County. According to Rodney, the 240 acres purportedly transferred to Brian in 2001, were referred to as the "south pasture" and the 240-acre tract that encompassed the 80-acre tract owned in fee simple by the Lingscheits, was referred to as the "north pasture." Rodney described fences surrounding and separating the north and south pastures. Each pasture also had only one water source. The water source for the north pasture was within the 80 acres sought by Brian, and therefore, transferring that land to Brian would remove the water source for the remaining 160 acres in the north pasture. Rodney believed that the Lingscheits would never have transferred land without a water source, and

therefore, did not intend to transfer to Brian the 80 acres they owned in fee simple. The Siblings also called Brian to testify. He confirmed that the land was referred to as the north and south pasture. But he recalled that the two pastures were operated as one and that they "may have separated them to keep different cows and bulls separate from other cows and bulls[.]"

[¶8.]    Following the trial, the court issued findings of fact and conclusions of law, incorporating the parties' stipulated facts. It also took judicial notice of the Hand County civil partition action and of the Last Wills and Testaments of Joseph and Elaine. It found that "Rodney testified credibly that during the time that their family has owned this property, it was divided into two separate and distinct pastures." It further found that there is one water source on the north pasture within the 80 acres Brian sought and another water source on the south pasture within the land conveyed to Brian in 2001 in fee simple. In regard to Galen Gillette's notes, the court recognized that the "document that purports to be the notes" from the meeting, indicate that: "(1) Want Gift 240 Acres of Hyde County Land to BRIAN HINES." According to the court, the drawing in the notes "clearly shows a box around the legal description for the south pasture with the words 'BRIAN HINES' next to that box." But the court remarked that there was no mention in the notes of the 80 acres in the north pasture. Based upon the exhibits and testimony, the court concluded that Brian did not present clear and convincing evidence that the 2001 deed should be reformed. In the court's view, "there is no evidence that the Lingscheits intended to gift Plaintiff Brian Hines the W1/2 SE1/4 of Section 36, Township 111, Range 71, which property is located in the north

pasture. This description does not appear in the notes of the attorney, and there is no evidence that this 80 acres of land in Hyde County was discussed at the meeting." The court denied Brian and Bradley's request to reform the 2001 deed and ruled that this deed transferred to Brian the title owned by the Lingscheits in 2001, namely a life estate interest.

[¶9.] Brian appeals on the ground that the circuit court abused its discretion when it failed to reform the 2001 deed to reflect the Lingscheits' intent at the time of the preparation of the deed. We review a circuit court's decision to grant or deny a request to reform a contract under the abuse of discretion standard. *LPN Trust v. Farrar Outdoor Adver., Inc.*, 1996 S.D. 97, ¶ 13, 552 N.W.2d 796, 799 (citation omitted). An abuse of discretion is generally understood as "a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *Arneson v. Arneson,* 2003 S.D. 125, ¶ 14, 670 N.W.2d 904, 910.

### Analysis and Decision

[¶10.] Brian poses the following question: did the "Lingscheits, at the time of the preparation of the 2001 warranty deed, want [Brian] Hines to have only a life estate interest in 80 acres of land? If yes, no reformation of the deed; if no, then reformation is warranted." But the issue is more complex. Even if we accept that the Lingscheits did not want Brian to have only a life estate in the 80-acre tract, the question remains: would the Lingscheits have, upon learning of the mistake in the 2001 deed, conveyed to Brian the 80-acre tract they owned in fee simple? In answer to that, Brian maintains that his parents would have conveyed to him the non-

contiguous 80 acres, because the record clearly establishes that the Lingscheits wanted him to have 240 acres of pasture land in Hyde County. He claims, therefore, that the court abused its discretion when it "overvalued" Rodney's "testimony at the expense of [an] adequate consideration of the entire record" and failed to give sufficient weight to the language of the 2001 warranty deed and Galen Gillette's notes.

[¶11.] "The remedy of reformation is given when the minds of the parties have met on the terms of the contract they intended but the writing fails to express that intention." *Enchanted World Doll Museum v. Buskohl*, 398 N.W.2d 149, 152 (S.D. 1986) (citing *Burke v. Bubbers*, 342 N.W.2d 18 (S.D. 1984); *Garber v. Haskins*, 84 S.D. 459, 172 N.W.2d 721 (1969); *Essington v. Buchele*, 79 S.D. 544, 115 N.W.2d 129 (1962)). Reformation does not make the contract for the parties, but rather revises the contract to reflect the parties' intended agreement. *Id.* A contract may be reformed when there is "fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected[.]" SDCL 21-11-1. Yet there is a presumption that the writing accurately reflects the parties' intent, and therefore, those seeking reformation must prove their "case by clear and convincing evidence." *Enchanted World Doll Museum,* 398 N.W.2d at 152 (citation omitted); *see also Nw. Nat'l Bank of Sioux Falls v. Brandon*, 88 S.D. 453, 458-59, 221 N.W.2d 12, 15 (1974).

[¶12.] From our review of the evidence, we conclude that the circuit court did not abuse its discretion when it ruled that Brian failed to present clear and convincing evidence that the 2001 deed should be reformed. Brian presented no

evidence that, upon learning of the mistake in the 2001 deed, the Lingscheits would have conveyed to Brian a non-contiguous 80-acre tract of land, which had the only water source for the pasture land surrounding it. Rather, Brian relied on inferences he believed the circuit court should have made on the evidence. Yet our review is for abuse of discretion, and therefore, we defer to the circuit court's weighing of the evidence and judging of the credibility of the witnesses. *See Fuerstenberg v. Fuerstenberg*, 1999 S.D. 35, ¶ 22, 591 N.W.2d 798, 807 (citations omitted).

[¶13.]        Here, the court found credible Rodney's testimony that the Lingscheits treated the land in Hyde County as two separate and distinct north and south pastures. Indeed, when Brian testified, he agreed that a fence separated these two pastures. The court further found persuasive that though Gillette's notes indicated that the Lingscheits wanted to convey to Brian 240 acres of pasture land in Hyde County, the notes made no reference to the 80-acre tract owned by the Lingscheits in fee simple. Without persuasive evidence of what the Lingscheits would have done had they learned of the mistake in the 2001 deed, Brian failed to meet his burden of proof.

[¶14.]        Affirmed.

[¶15.]        GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.